**Venita STOVALL, Plaintiff,**

v.

**CITY OF ST. LOUIS BOARD OF EDUCATION, Defendant.**

**No. 78–435C(1).**

United States District Court,
E. D. Missouri, E. D.

April 4, 1979.

Lisa VanAmburg, Anderson, Everett, Sedey & VanAmburg, St. Louis, Mo., for plaintiff.

Kenneth C. Brostron, Lashly, Caruthers, Thies, Rava & Hamel, for defendant.

### MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on plaintiff's motion for reconsideration of this Court's order granting summary judgment for defendant and dismissing plaintiff's cause with prejudice. For the reasons stated below, plaintiff's motion will be denied.

■ This is a sex and race discrimination in employment case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This Court granted summary judgment for the defendant in this case on March 5, 1979, because all alleged discriminatory acts by defendant had occurred prior to March 24, 1972, the date upon which the Board became subject to the sex and racial discrimination prohibitions of Title VII. All of the alleged discriminatory acts, therefore, have no present

legal consequences. *Farris v. Board of Education of City of St. Louis,* 576 F.2d 765 (8th Cir. 1978).

Plaintiff moves to reconsider this order granting summary judgment pursuant to Rule 59, Fed.R.Civ.P., on the basis that plaintiff's failure to secure the final letter of recommendation to become eligible for promotion to elementary school principal was in itself the discriminatory act which prevented plaintiff from being promoted. The fact that plaintiff never received this letter and therefore never completed her application is alleged to be a continuing denial of promotion. As plaintiff's application remained active up until the time of her resignation, plaintiff asserts that there is an issue of fact as to continuing and present discrimination after the effective date of Title VII. Plaintiff also asserts that there is a question of fact remaining as to the continuing deleterious effects of discriminatory assignments to majority black school districts after the effective date of Title VII. Plaintiff therefore concludes that the Court erred in granting summary judgment.

Summary judgment is appropriate when no genuine issue as to any material fact remains and the movant is entitled to judgment as a matter of law. A party opposing summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

■ In this case plaintiff has set forth no specific facts to show that a genuine issue remains for trial. Plaintiff's theory that because her application remained active after the effective date of Title VII and that she was never promoted does not in itself constitute a discriminatory denial of promotion after March 24, 1972. Plaintiff must have set forth specific facts showing present violations of Title VII against her after the effective date. Plaintiff's theory that there was a continuing denial of a promotion in violation of Title VII because of the continuing effects of alleged discriminatory acts prior to the effective date of

Title VII is not a present violation of Title VII. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Plaintiff has shown no present violation of Title VII by the Board. The only fact set forth relating to any actions occurring after the effective date of Title VII—a phone call to arrange an appointment about the letter of recommendation which never occurred because plaintiff requested and was granted leaves of absence until her retirement—does not raise an issue of material fact as to a Title VII violation.

■ Plaintiff likewise has set forth no specific facts showing a present violation of Title VII as a result of alleged racially discriminatory work assignments. Rule 56(e), Fed.R.Civ.P.

As no genuine issue of material fact remains, the granting of summary judgment was proper. Plaintiff's motion to reconsider is therefore denied.