Clarence TRENT, Phillip Knight, and George Miller, Plaintiffs,

v.

ALLEGHENY AIRLINES, INC., and International Association of Machinists and Aerospace Workers, Local 1976, Defendants.

Civ.A.No. 76–1536.

United States District Court,
W. D. Pennsylvania.

June 13, 1979.

Clifford C. Cooper, Pittsburgh, Pa., for plaintiffs.

Susan Sauntry, Harry A. Rissetto, Washington, D. C., Bernard D. Marcus, Marcus & Titus, Pittsburgh, Pa., Rhea S. Schwartz, Esq., Legal Dept., Allegheny Airlines, Inc., National Airport, Washington, D. C., for Allegheny Airlines, Inc.

Joseph M. Maurizi, Balzarini, Walsh, Conway & Maurizi, Pittsburgh, Pa., for International Association of Machinists and Aerospace Workers, Local 1976.

## AMENDED FINDINGS OF FACT, AMENDED CONCLUSIONS OF LAW AND ORDER

SIMMONS, District Judge.

The Court having examined the pleadings and affidavits and having read the briefs and heard the statements of counsel, and being fully advised, now enters the following Findings of Fact, Conclusions of Law and Order.

## AMENDED FINDINGS OF FACT

1. Clarence Trent filed charges of employment discrimination with the Equal Employment Opportunity Commission against Allegheny Airlines on March 17, 1976, alleging that he was discriminated against in 1964, and that the initial alleged discriminatory hiring decision was continuing and was perpetuated by Allegheny's Departmental Seniority System.

2. On September 9, 1976, the charges of March 17, 1976 were dismissed by the EEOC for the reason that Trent had not filed his charges of discrimination within the time limits required by the Equal Employment Opportunity Act (Title VII of the Civil Rights Act of 1964, 78 Stat. 253 as amended, 43 U.S.C. § 2000e *et seq.*). On September 13, 1961, Trent was given notice of his right to sue Allegheny in the United States District Court.

3. On December 9, 1976, Trent entered suit against Allegheny, again alleging that he was discriminated against since August 1952, and that the initial discrimination was continuing until the time of suit, and further, Trent sued the International Association of Machinists and Aerospace Workers, Local 1976, alleging that the Union acquiesced and participated in the alleged discriminatory seniority system, and thereby failed to protect Trent's employment interests.

4. Trent made the following admission in answering Interrogatories put to him by the Defendant Allegheny as to the date and circumstances of each alleged discriminatory act of Allegheny, by responding as follows:

"1. On February 7, 1964, Clarence Trent sought employment as a mechanic and was refused an application.

2. On June 12, 1964, Clarence Trent was hired as a cleaner, despite extensive mechanical training he possessed.

3. When promoted to mechanic in 1964, he was again demoted because of his race.

4. Kept in cleaners classification until November 11, 1968.

5. Assigned the worst duties as cleaner.

6. Loss of seniority deprives Clarence Trent of premium job shifts, days off and fringe benefits."

5. Long after Trent had filed his Answers to the above-referred to Interrogatories, Trent claimed additionally he was a victim of discrimination by virtue of one C. C. Warner being awarded the job of lead mechanic in the Machine Shop on December 30, 1975, even though Trent did not bid for said opening or otherwise apply for it, and despite the fact that Warner's mechanic's seniority date was December 5, 1960, and Trent's first employment date was June 12, 1964.

6. The following facts are admitted by all parties:

a) Clarence Trent was hired by Allegheny Airlines as a cleaner on June 12, 1964, and his seniority classification date for that position is and continues to be June 12, 1964;

b) He was promoted to the position of Mechanic on August 4, 1964, and was demoted to the cleaner's classification on or about September 2, 1964, allegedly for failing to meet Allegheny's job performance standards;

c) In 1966 and 1967, Trent entered a training program for Airframe and Powerplant Licenses and he successfully passed the tests and met all qualifications for Airplane Mechanic on March 6, 1968;

d) On February 17, 1967, Trent presented charges of discrimination to the Equal Employment Opportunity Commission and requested that the Commission assume jurisdiction of the same, alleging that he had been denied a position as a Mechanic with Allegheny in 1964, because he was black and that the alleged violation was continuing in nature. (Originally the Federal Commission had received a charge from Trent on August 12, 1966, but deferred it to the Pennsylvania Human Relations Commission which terminated its jurisdiction in the case on February 6, 1967).

e) On November 11, 1968, Allegheny promoted Trent to the position of Mechanic.

f) On December 20, 1968, the Equal Employment Opportunity Commission found that there was no reason to believe that Allegheny's hiring and promotional practices as to employees were discriminatory and further, said Commission specifically found that "there is no evidence or contention that the qualifications standards themselves are racially discriminatory".

g) On February 18, 1969, the Equal Employment Opportunity Commission advised Trent by letter that his charges of employment discrimination against Allegheny were dismissed and Trent was advised that he could bring suit against Allegheny in the United States District Court, if he filed said suit within thirty (30) days of receipt of said letter.

h) Trent received said "right to sue letter" dated February 18, 1969, and *did not* file suit against Allegheny until this suit, as above captioned, was filed in this Court on December 9, 1976, over seven years later arising out of the same charges filed with EEOC on March 17, 1976. (underlining supplied)

7. This Court finds as a fact that the charges contained in the Complaint filed against Allegheny with the Equal Employment Opportunity Commission on February 17, 1967, are the same in every material respect as the charges filed with said Commission against Allegheny on March 17, 1976.

·8. This Court finds as a fact that the alleged unlawful employment practices of Allegheny as to Trent (if the same occurred at all) happened admittedly in 1964 (see this Court's Findings of Fact No. 4 herein) more than 300 days (and of course more than 180 days) prior to the filing of the charges which are the basis of this above-captioned Civil Action.

9. The Plaintiff Trent has presented no evidence of any kind which proves or even tends to prove that Allegheny's seniority system, for some 30 years in duration, discourages transfers between job classifications since said system does not require a transferring employee to forfeit job classification seniority in order to effect a transfer to a new classification. To the extent that transfers may be discouraged, the system works the same for all employees irrespective of race and/or sex.

10. The Plaintiff Trent has presented no evidence of any kind which proves or even tends to prove that Allegheny's various seniority units are irrational and/or that they do not conform with the airline industry general practice of grouping airline employees for seniority purposes.

11. The Plaintiff Trent has presented no evidence of any kind to support a conclusion of law that Allegheny and the Union established the seniority system at issue in this case in order to maintain racial discrimination in employment so as to adversely affect Trent and/or any racial minority in their opportunities for employment advancement.

12. The Plaintiff Trent has presented no evidence of any kind to support a conclusion of law that the seniority system at issue in this case was designed to intentionally discriminate against Trent or persons of his race; further, Trent has presented no evidence of any kind to support a conclusion of law that said seniority system was designed, negotiated and/or maintained to accomplish an illegal purpose of some kind.

13. This Court finds as a fact that C. C. Warner had more seniority than Trent, and that he is qualified to hold the job as lead Mechanic in the Machine Shop in accordance with the collective bargaining contract between Allegheny and the Union.

14. The Plaintiff Trent has presented no credible evidence to support his allegations that he was qualified to hold the job as lead Mechanic in the Allegheny Machine Shop. (Airframe and Powerplant Licenses have no particular relevancy to Machine Shop work. His last experience in general Machine Shop work was limited, and occurred during World War II period). There was no evidence that Trent had one year's experience in an accredited Machine Shop.

### AMENDED CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter of this action pursuant to Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.*

2. C. C. Warner, with a Mechanic's seniority date of December 5, 1960, and with over one year, (almost four years before Trent became an Allegheny employee) was the senior qualified bidder and is as a matter of law entitled to the job as a lead

Mechanic in the Machine Shop over Trent inasmuch as this Court finds as a matter of law that Allegheny has a bona fide seniority system which is not unlawful under the Equal Employment Opportunity Act (703(h) of Title VII).

3. This Court finds as a matter of law that Trent was unable to prove that Allegheny denied him a position of lead Mechanic in the Machine Shop because of his race.

a) Trent proved that he belonged to a racial minority, but he failed to prove that he applied for the job of lead Mechanic in the Machine Shop, (in fact, he admitted that he did not apply for it); he failed to prove that he was qualified; assuming for the sake of argument he proved he was qualified, he certainly did not prove that he was rejected because of lack of alleged qualifications; to the contrary, he was rejected because another qualified applicant with more seniority bid for the job. Finally, the position did not remain open, but was filled by a qualified candidate.

4. This Court finds as a matter of law that Trent did not meet the burden of proof demanded of the applicant claimant in this case since the job was awarded to an applicant with more seniority and also more qualifications. Further, Trent did not show that he had the requisite seniority and that he would have been discriminatorily rejected had he applied.

5. All of the alleged events of employment in 1952 and 1964, which took place before July 4, 1965, the effective date of the Act, are not actionable and are of no legal effect.

6. All of the matters that were raised in the Complaint of Trent to the Equal Employment Opportunities Commission on February 7, 1967, (which includes all of the alleged "1952" and "1964" continuing violations) became res adjudicata when it was then and there determined that as of February 18, 1969, there was no reason to believe that Allegheny's hiring and promotional practices as to its employees (including Trent) were discriminatory. Because Trent did not file suit in the District Court of the United States in 1969, after receiving the "right to sue letter", all claims of discrimination that allegedly continued from 1952 to February 18, 1969, are barred per the principles of Res Adjudicata.

7. Even assuming that the present Allegheny seniority system gives present effect to past acts of discrimination, since said past acts of discrimination allegedly occurred in 1952 and 1964, more than three hundred days prior to March 17, 1976, said alleged acts are not actionable. See 42 U.S.C. § 2000e–5(e). Further, a discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the act was passed. (In effect, the theory of "continuing violations" as advanced by the Plaintiff Trent, had been repudiated by the United States Supreme Court). See *United Air Lines v. Evans,* 431 U.S. 553 to 558, 97 S.Ct. 1885, 52 L.Ed.2d 571.

8. There is not sufficient evidence presented in this case to prove that Allegheny Airlines has unlawfully discriminated against Clarence Trent in violation of the Equal Employment Opportunities Act as alleged by the Plaintiff.

9. There was no credible proof presented at the hearing of this case that the International Association of Machinist Union has acquiesced and participated in any alleged discriminatory acts against Trent's right to employment opportunities, and further, there is no proof that said Union did in any way fail to protect Trent's employment interests.

## AMENDED ORDER

The above-entitled action came for a hearing on Defendants' Motion for Summary Judgment on April 13, 1979. Based upon a consideration of the briefs, affidavits and exhibits submitted by the parties and the arguments of Counsel, the Court determined that the claims of Plaintiffs Phillip Knight and George Miller, were not action-

able and granted Motion for Summary Judgment;

Thereafter, the claims of Plaintiff Clarence Trent came to trial on April 19, 1979, before the undersigned sitting without a Jury;

At the conclusion of the testimony adduced and presented by and on behalf of the Plaintiff Clarence Trent, Counsel for the respective Defendants made Motions for Judgment of Dismissal upon the merits;

The Court, having heard the arguments of Counsel in support of and against said Motions, and having delivered oral Findings of Fact and Conclusions of Law, and written Amended Findings of Fact and written Amended Conclusions of Law, does this 13th day of June, 1979, ORDER, ADJUDGE AND DECREE that the said Defendants' Motions be, and the same hereby are granted, and said actions of all of the above-named Plaintiffs are hereby dismissed with prejudice, but each of the Defendants shall pay their own costs.