**Geneva HEADRICK**

v.

**ALUMINUM COMPANY OF AMERICA.**

**Civ. No. 3–80–14.**

United States District Court,
E. D. Tennessee, N. D.

Feb. 27, 1980.

---

S. Jo Helm, Knoxville, Tenn., for plaintiff.

John B. Rayson, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a sex discrimination case brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The defendant has filed a motion for summary judgment, which has been fully briefed by both sides.

The undisputed facts are as follows: The plaintiff was a female employee of ALCOA until her retirement on July 1, 1973. On several occasions prior to her retirement plaintiff was placed on lay-off status. More than two years after her retirement, plaintiff's seniority, for pension benefit purposes, was recalculated to include the time she was on lay-off status. This recalculation of her seniority was done pursuant to a voluntary agreement between ALCOA and plaintiff's union. Plaintiff's pension benefits were increased as a result of this recalculation. However, plaintiff was not admitted to ALCOA's "25 Year Club," an honorary designation for employees serving twenty-five continuous years with defendant. Plaintiff claims the denial of membership to the "25 Year Club" is sexually discriminatory, since she claims the original lay-offs were sexually discriminatory.

The plaintiff cannot complain about the discriminatory nature of the lay-offs here, since she did not file timely complaints with the Equal Employment Opportunity Commission within 180 days after the lay-offs occurred, as required by 42 U.S.C. § 2000e–5(e). It follows, then, that this Court must regard these lay-offs as lawful. *United Airlines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

In July 1973, plaintiff retired without being admitted to the "25 Year Club." Again, no timely EEOC complaint was filed, and once again the Court must regard this action as lawful. The defendant was under no legal obligation other than its contract to recalculate plaintiff's seniority, so plaintiff is not under any legal obligation to recompute "25 Year Club" qualifications. What plaintiff, in essence, is complaining about here, is the legality of lay-offs which she is barred from attacking directly. Her complaint fails to state a cause of action.

For the foregoing reasons, it is ORDERED that this complaint be, and the same hereby is, dismissed.

Order accordingly.