**Ruth McCLURE**

v.

**VALMAC INDUSTRIES, INC.**

No. LR C 80 472.

United States District Court,
E. D. Arkansas, W. D.

June 2, 1981.

Randall G. Wright, Youngdahl, Larrison & Agee, Little Rock, Ark., for plaintiff.

Tim Boe, The Rose Firm, Little Rock, Ark., for defendant.

MEMORANDUM ORDER

OVERTON, District Judge.

This is a suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging sexually discriminatory employment practices by the defendant Valmac Industries, Inc. The plaintiff, Ruth McClure, alleges that since her initial employment by Valmac in June, 1968, she was denied advancement to positions for which she was qualified, that she was compelled to train male employees for positions to which

she should have been promoted, that she was denied educational opportunities on the same basis with male counterparts, that she has been paid less than would have been paid to a male of equal value to the company, and finally that she was discharged on January 29, 1979, under circumstances which would not have resulted in the discharge of a male employee.

■ Valmac has filed two motions to dismiss asserting separate defenses. The first primarily concerns problems of timeliness in a number of allegations by Ms. McClure. The defendant has offered an extensive brief supporting its proposition that many of Ms. McClure's allegations are time-barred. Certainly it is clear that the plaintiff may have no relief under Title VII for the allegedly discriminatory actions by the defendant in 1969 relating to the training of a male employee. Assuming the incident could be fairly characterized as a denial of promotion, this Court has no jurisdiction to afford relief on such a stale claim. See *United Air Lines v. Evans*, 431 U.S. 553, 555, 97 S.Ct. 1885, 1887, 52 L.Ed.2d 571 (1977). On the other hand, proof of this and other incidents of sex discrimination by Valmac, even though occurring more than 180 days prior to the filing of Ms. McClure's EEOC charge, would presumably be admissible to prove a discriminatory intent on the part of Valmac. Although this motion to dismiss raises a number of salient points, the Court finds it inappropriate to grant any of the motion at this time. We are, nonetheless, indebted to counsel for outlining the circumstances under which recovery may or may not be had under Title VII. The brief in support of the defendant's first motion to dismiss will be treated as trial brief.

■ Valmac has filed a second motion to dismiss which asserts lack of jurisdiction and failure to state a claim. This motion

raises a significant legal question and one on which there is little authority. The issue arises from the fact that, following investigation of Ms. McClure's charge by the EEOC, the Commission elected to file suit on her behalf pursuant to § 16(c) and 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, to enforce the provisions of § 6(d) of the FLSA, 29 U.S.C § 206(d) (also known as the Equal Pay Act). That suit, *EEOC v. Valmac Industries, Inc.*, LR C 80 335, which is now pending on the docket of Judge Henry Woods of this Court, seeks the same relief as the instant suit but is based on the Equal Pay Act rather than Title VII.

In the past, suits to enforce provisions of the Equal Pay Act (and the FLSA generally) were brought by the Secretary of Labor. The EEOC's power to bring such an action is based on Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, 7 U.S. Code Cong. & Admin.News 9795, which generally consolidated responsibility for enforcement of federal equal employment laws in the EEOC.

Thus, Valmac Industries is faced with two suits simultaneously concerning Ruth McClure,[1] both seeking back pay, reinstatement, declaratory and injunctive relief. It goes without saying that the burden on the defendant of defending two employment discrimination suits based on the same facts and circumstances is not insubstantial. It is not surprising, therefore, that Valmac alleges that the filing of a suit by the EEOC bars any private right of action by Ms. McClure. The defendant's argument is not entirely without merit, and the question presented is as difficult as it is interesting. Some background is, however, necessary to an understanding of the full import of the issue.

Prior to adoption by the Congress[2] of Reorganization Plan No. 1 of 1978, it was

---

1. The EEOC suit was also brought on behalf of a second Valmac employee, Lynn Harris, who is not a party to the instant case.

2. The legal status of Reorganization Plans such as the one in question and the manner in which they are adopted is a matter of some interest.

Chapter 9 of Title 5, United States Code, provides that the President may submit Reorganization Plans to the Congress which may, among other things, transfer functions from the jurisdiction and control of one agency to another. Reorganization Plan No. 1 of 1978 was

clear that a suit by the Secretary of Labor under § 16(c) of the FLSA, 29 U.S.C. § 216(c) barred any private action under the FLSA by an employee subsequent to the filing of the Secretary's suit. Since the Reorganization Plan transfers the Secretary's enforcement function to the EEOC, the limitation on individual rights of action provided in 29 U.S.C. § 216(c) presumably applies when the EEOC has filed a suit under the FLSA. Had Ms. McClure filed her suit under the FLSA, this Court would have no difficulty in dismissing her suit as barred by § 216(c). The instant suit was, however, filed to enforce rights guaranteed by Title VII, and the Court concludes that this distinction is of sufficient moment to save this complaint from § 216(c).

It is clear that the Reorganization Plan demonstrates a concern by the President and the Congress that the EEOC's expertise should be utilized to combat sex discrimination by transferring administration of the Equal Pay Act from the Labor Department to the Commission. President Carter's letter of transmission accompanying the plan notes, "Title VII of the Civil Rights Act, which is enforced by the EEOC, contains a broader ban on sex discrimination. The transfer of Equal Pay responsibility from the Labor Department to the EEOC will minimize overlap and centralize enforcement of statutory prohibitions against sex discrimination in employment." 7 U.S.Code Cong. & Admin.News at 9797. The President also expressed a concern with the overlap in coverage by Title VII and the Age Discrimination in Employment Act which he said was "burdensome to employers and confusing to victims of discrimination." Id. at 9798. Thus, one could rationally conclude that the national policy of uniformity and centralization of enforcement of employment discrimination laws would be fostered by barring any private suit subsequent to a suit on the same facts by the EEOC, at least in cases where essentially the same relief is sought in both actions.

The reasons counseling in favor of allowing Ms. McClure's private suit under Title VII are, however, more compelling than those against it. First, the Court of Appeals for the Ninth Circuit has held the protection against sex discrimination afforded by "Title VII is broader in scope than the Equal Pay act." *Gunther v. County of Washington*, 602 F.2d 882, 889 (9th Cir. 1979). The *Gunther* case holds that Title VII incorporates only the Equal Pay Act's form affirmative defenses and not the latter Act's requirement that the work performed by the plaintiff's be "substantially equal" to work performed by male employees. Thus a cause of action may be stated under Title VII by plaintiff alleging sex discrimination "where the plaintiff is performing comparable but not substantially equal) work, or where a position held by the plaintiff is unique." *Id.* Moreover, *Gunther* and its holding on this point has been specifically cited with approval by the Eighth Circuit. *Orahood v. Board of Trustees of UALR*, 645 F.2d 651 at 654 n.3 at 5 n.3 (1981). While it is true that *Gunther* is now before the Supreme Court on a writ of certiorari, it is at this writing good law in at least these two circuits.

■ Second, a finding that Ms. McClure's Title VII suit is barred by the EEOC's Equal Pay Act suit would flow only from a conclusion that the Reorganization Plan No. 1 of 1978 effectively repealed the right of an individual to bring a Title VII suit subsequent to an EEOC suit under the EPA. Nothing in the Reorganization Plan itself indicates any intention on the part of Congress or the President to repeal a portion of the Civil Rights Act of 1964. And it is a long-standing and familiar presumption in the law that "repeals by implication are not favored." *Watt v. Alaska*, —— U.S. ——, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 at 87–88 (1981), quoting *Posadas v. National City Bank*, 296 U.S. 497, 503, 56 S.Ct. 341, 352, 80

submitted by President Carter on February 23, 1978, and became law by virtue of Congressional inaction within the 60 day period provided for by 5 U.S.C. § 906.

L.Ed. 351 (1936). *See also Morton v. Mancari*, 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974). It seems especially unlikely that Congress intended to repeal legislation so essential to national policy as Title VII of the Civil Rights Act without expressly saying so. This conclusion is buttressed by the fact that Reorganization Plans become law by Presidential proposal and Congressional *inaction*, rather than affirmative adoption by the Congress. See Note 2, *supra*.

Third, it seems of some significance that Ms. McClure, in filing her charge of discrimination with the EEOC, was only following the procedure required by Title VII. Because some official with the Commission elected to pursue her case for her under the Equal Pay Act instead of Title VII does not seem just cause to conclude that she is barred from pursuing her Title VII remedy with her own resources. The Court is, therefore, unwilling to grant the motion to dismiss for lack of jurisdiction or failure to state a claim.

It is, of course, obvious that any recovery of back pay by the plaintiff in either this suit or in the EEOC suit would be used as a set-off against her recovery in the remaining case.

A number of other motions are pending in the case at this point. Both parties have lodged motions for costs and attorneys' fees. Both motions will be denied. The defendant has also moved for a stay of all proceedings pending the Supreme Court's decision in the *Gunther* case. This motion will also be denied. The defendant is directed to answer the complaint within fifteen days of the entry of this order.

It is so ordered.