GREYHOUND LINES—EAST, *etc., et al*

*v.*

BERLEY GEIGER, JR., *et al., etc.*,

AND

WEST VIRGINIA HUMAN RIGHTS COMMISSION, *etc., et al.*

(No. 14442)

Decided November 10, 1981.

*Chauncey H. Browning*, Attorney General *and Eunice Green*, Assistant Attorney General, for appellants.

*Spilman, Thomas, Battle & Klostermeyer, Marshall Spradling, Lee F. Feinberg and E. Dixon Ericson*, for Sp. Appearance of Amalgamated Transit Union, AFL-CIO, CLC, Div. 1493.

*Thomas P. Maroney, Jacobs, Burns, Sugarman & Orlove and Richard M. Stanton*, for appellees.

NEELY, JUSTICE:

The West Virginia Human Rights Commission appeals the order of the Circuit Court of Kanawha County entered on 3 February 1978 which reversed and vacated the Commission's order of 25 April 1975.

On 28 January 1972, Berley Geiger, a black employee of Greyhound Lines-East filed a complaint with the West Virginia Human Rights Commission charging that he and other black employees had suffered discrimination as a result of actions by Greyhound and the Amalgamated Transit Union. Geiger brought his claim under the West Virginia Human Rights Act, *W.Va. Code*, 5-11-1 *et seq.* The gist of Geiger's complaint was that, by refusing to recognize the date of Geiger's initial employment with the company as his seniority date as a bus operator, the company was perpetuating the effects of its allegedly discriminatory pre-Act employment practices. However, Geiger, whose initial job with Greyhound was as a platform terminal worker, admitted that seniority for white drivers was, like his, based on their length of service as drivers not on their length of employment with Greyhound.

After a full hearing the Commission issued an order holding that Greyhound and the union had discriminated against Geiger and directing that the seniority system used by Greyhound and the union be substantially modified. Greyhound and the union then filed separate petitions with the Circuit Court of Kanawha County to vacate the Commission's order. Citing *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) and *United Airlines Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), the circuit court reversed and vacated the order. The court held that the West Virginia Civil Rights Act, though it lacked the specific language of section 703(h) of the Federal Civil Rights Act of 1964 which excludes *bona fide* seniority systems from scrutiny, also protected seniority systems in the same way. However, in our recent decision in *West Virginia Human Rights Commission v. United Transportation Union*, ____ W.Va. ____, 280 S.E.2d 653 (1981), a majority of the Court has since held that the West Virginia Civil Rights Act by excluding the language of section 703(h) did not give seniority systems any special immunity. We therefore reverse the decision of the circuit court.

Because the circuit court made its decision on the basis of the threshold question of whether the West Virginia Act could reach a seniority system, the circuit court did not make any findings as to whether Geiger had actually been discriminated against at any time. In oral argument before this Court, counsel for both sides hotly contested the issue of actual discrimination. However, since we have no findings on this issue to review, we remand for further proceedings necessary to determine that issue.

Accordingly for the reasons stated above the decision of the Circuit Court of Kanawha County is reversed and remanded.

*Reversed and remanded.*