HAYNES, Circuit Judge,
concurring and dissenting:
I concur in the majority’s opinion save and except Section III.C., from which I respectfully dissent. I would hold that Stewart has raised a material fact issue regarding whether Loftin’s conduct created a hostile work environment in 2006, and I would reverse and remand on that issue.
After having been transferred away from her abuser in 2004, Stewart testified that she was amazed to learn that Loftin would again become her supervisor in 2006. Hope springs eternal, and perhaps MDOT thought Loftin had turned over a new leaf. Such hopes were almost immediately dashed when Loftin told Stewart he “was going to be in the office and that [they] were going to be sweet, and [they] were going to have an understanding.”[1] Stewart stated in her deposition that “every time [they] were alone together” Loftin indicated that they were “going to be sweet” to each other. As a result, she altered her conduct to avoid him: “I never stayed in my office then, I lived in the bathroom.”
The district court analyzed these 2006 incidents as stand-alone conduct. It concluded that, viewed in this isolation, these incidents were not sufficient to support a claim of hostile work environment. I submit that it was error to view the 2006 conduct in isolation.
The majority correctly notes that the grant of summary judgment on the damages caused by the pre-October 2004 conduct does not erase that conduct from the record. To the contrary, the pre-October 2004 evidence, while not independently actionable, is probative of and provides context for the 2006 events. “Evidence concerning a claim that is not on trial ... does not automatically lose its relevance or probative value to a claim that remains.” Rutherford v. Harris County, Tex., 197 F.3d 173, 186 (5th Cir.1999). “Discriminatory incidents outside of the filing period may be relevant background information to current discriminatory acts.” Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir.2002); see also United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) (time-barred incidents “may constitute relevant background evidence”).
Viewed against the backdrop of what Stewart had already experienced from Loftin, Loftin’s 2006 conduct goes from merely boorish to legally actionable. Indeed, Stewart’s experiences with Loftin in 2004 and before are exactly why, when Loftin started anew in 2006 with similar comments, Stewart began hiding in the *334 bathroom to avoid an escalation to physical contact[2] and a recurrence of the additional incidents that occurred in 2004. Stewart was certainly justified in concluding that Loftin had not “learned his lesson” and that the 2006 conduct was reminiscent of the prior wrongful conduct. This was not merely Stewart’s subjective perception but an objectively reasonable conclusion from the 2006 events in the context of what had occurred previously.
In Cortes v. Maxus Exploration Co., 977 F.2d 195, 199 (5th Cir.1992), we held that it was proper to consider time-barred acts of harassment in assessing timely claims. While the court could not award damages for the time-barred incidents, “the district court properly considered evidence of the 1980-82 fear-producing actions in determining whether the 1986 actions amounted to sexual harassment and constructive discharge.” Id. The same is true here. Considering the 2006 events in light of what we know about Loftin from the “totality of the circumstances,” I conclude that there is a fact issue on the 2006 hostile work environment claim and that the district court erred in granting summary judgment on that claim. Accordingly, I respectfully dissent from the majority’s contrary holding.

. The facts set forth in this section come from Stewart's deposition. Of course, Loftin may have a different view, and I express no opinion on Stewart's veracity. Credibility determinations, of course, are not the stuff of summary judgment affirmances.

. The majority's statement at the end of Section III.C. that "[t]he test for sexual harassment cannot be met solely by bolstering the employee's subjective perception of otherwise benign speech unaccompanied by any physical action against her” should not be read to suggest that physical contact is necessary for liability to attach. Physical contact is not a required element of a hostile environment claim. See Farpella-Crosby v. Horizon Health Care, 97 F.3d 803 (5th Cir.1996) (affirming refusal to grant judgment notwithstanding the verdict for employer where the only alleged harassment was verbal); Wyerick v. Bayou Steel Corp., 887 F.2d 1271 (5th Cir.1989) (applying Louisiana law similar to Title VII and reversing summary judgment on the appellant's hostile environment claim where no allegations of physical contact were made); Donaldson v. CDB, Inc., No. 08-60666, 335 Fed.Appx. 494, 502, 2009 WL 1916466, at *8, 2009 U.S.App. LEXIS 15259, at *21 (5th Cir. July 6, 2009) (unpublished) ("Physical touching is not a requirement in a hostile-work-environment claim, so long as the evidence establishes conduct that is so severe or pervasive as to affect a term, condition, or privilege of employment.”); Jones v. Flagship Int’l, 793 F.2d 714, 720 (5th Cir.1986) (setting forth the Fifth Circuit test for hostile work environment claims which requires a plaintiff to show unwelcome sexual harassment in the form of "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature”) (emphasis added); see also Hams v. Forklift Systems, Inc., 510 U.S. 17, 21-23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (finding a hostile work environment claim can arise absent any physical manifestation of injury); Blackmon v. Pinkerton Security & Investigative Servs., 182 F.3d 629, 637 (8th Cir.1999) (noting that "sexual harassment that does not involve physical contact [is not] per se less serious” than that involving physical contact); Indest v. Freeman Decorating, Inc., 168 F.3d 795, 803 (5th Cir.1999) (Wiener, J. concurring) ("True, sexual comments alone can rise to the level of actionable harassment.” (citing Harris, 510 U.S. at 21-23, 114 S.Ct. 367)).