MEMORANDUM *
This is an employment discrimination action. Bagley appeals from the district *799 court’s order granting summary judgment to Bel-Aire as to his claim of retaliation under 42 U.S.C. § 1981. We now reverse, and hold that (1) Bel-Aire failed to meet its burden to proffer a legitimate nondiscriminatory reason for terminating Bag-ley, and (2) Bagley has introduced sufficient evidence to raise a triable issue as to whether his termination was retaliatory.
Bagley, an African-American man, began working for Bel-Aire on March 14, 2008 as an apprentice. In April of 2008, Bagley was transferred to the Dial project and was assigned to pipefitting work. On May 19, 2008, Bagley’s supervisor at the Dial project, Vernon McBride, approached Bagley while he was working, put a noose in Bagley’s face and told him, among other things: this is “a hangman’s noose; this is what they used to hang people with in the olden days.” On May 28, 2008, Bagley reported the incident to Will Guy, the superintendent of the Dial project and McBride’s direct supervisor. Guy terminated McBride shortly thereafter.
In June of 2008, Bagley was transferred from the Dial project to the Banner Project over his objections. Guy explained that many of McBride’s friends and family members were working on the Dial project and were upset with Bagley for registering the complaint that resulted in McBride being laid off, and that he had to be transferred for his own physical safety. About a month later, on July 3, 2008, Bagley was informed that he was being laid off effective immediately.
Our court reviews a district court’s grant of summary judgment de novo. Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1408 (9th Cir.1996). Viewing the evidence in the light most favorable to the nonmoving party, our court must determine whether there are any genuine issues of material fact which would preclude summary judgment, and whether the district court correctly applied the substantive law. United States v. City of Tacoma, 332 F.3d 574, 578 (9th Cir.2003).
I. Timeliness
Retaliation claims under § 1981 are subject to a four-year statute of limitations. See Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1007 (9th Cir.2011); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); 28 U.S.C. § 1658. The statute of limitations begins to run “when the plaintiff knows or has reason to know of the injury which is the basis of the action.” Lukovsky v. City & Cty. of S.F., 535 F.3d 1044, 1048 (9th Cir.2008) (quoting Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir.2004)). Because Bagley filed this action three years, eleven months, and 29 days after being informed of his termination, his cause of action for retaliation based on his termination is timely. Del. State Coll. v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).
However, Bagley’s involuntary transfer occurred outside the four-year statute of limitations and therefore cannot serve as a predicate legal injury to support an independent claim of retaliation.[1] Nonetheless, while a time-barred claim has no “present legal consequence[ ], ... [i]t may still constitute relevant background evidence in a proceeding in which the sta *800 tus of a current practice is at issue.” United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); see also Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Evidence of time-barred acts may be “offered for its probative value in assessing whether the employer’s justifications for its present conduct lack credibility” and may also serve “as indirect proof of the employer’s intent to discriminate.” Lyons v. England, 307 F.3d 1092, 1112 (9th Cir.2002). Under Bagley’s theory of the case, he was transferred to a dead-end project in retaliation for registering a complaint only a few days earlier. Indeed, Drew Schroder, Bel-Aire’s operations manager, admitted that he knew that the Banner project was essentially finished at the time he transferred Bagley. Therefore, evidence surrounding Bagley’s involuntary transfer remains relevant to show that Bel-Aire acted with a discriminatory motive when it terminated him only a month after transferring him.
II. Retaliation
“To prevail on a claim of retaliation, a plaintiff must show (1) involvement in protected activity opposing an unlawful employment practice, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action.” Freitag v. Ayers, 468 F.3d 528, 541 (9th Cir.2006); see also Manatt v. Bank of Am., N.A., 339 F.3d 792, 800-01 (9th Cir.2003), “[Retaliation claims must be proved according to traditional principles of but-for causation.” Univ. of Texas Sw. Med. Ctr. v. Nassar, — U.S. -, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013).
A. Prima Facie Case
The burden of establishing a prima facie case is “not onerous”; the plaintiff must only introduce evidence that “give[s] rise to an inference of unlawful discrimination.” Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir.2002). The parties agree that Bagley’s complaint to Guy constitutes a “protected activity.” As to the second element, termination — even when an employee has the opportunity to be rehired within days through his union — constitutes an adverse employment action. See Vasquez v. Cty. of L. A. 349 F.3d 634, 646 (9th Cir.2003); Ray v. Henderson, 217 F.3d 1234, 1241-43 (9th Cir.2000). As to the third element, Bagley has shown a 36-day gap between the protected activity and the adverse employment action, see Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987); Miller v. Fairchild Indus., Inc., 885 F.2d 498, 505 (9th Cir.1989), Guy’s hostility to Bagley’s complaint, see Porter v. Cal. Dep’t of Corr., 419 F.3d 885, 894-95 (9th Cir.2005), and the continued availability of pipefitting work for apprentices for as long as five months after he was terminated. This evidence, taken together, establishes a prima facie showing of but-for causation.
B. Non-Discriminatory Reason
Because Bagley has established the existence of a prima facie case, the burden of production shifts to Bel-Aire which “must present evidence sufficient to permit the factfinder to conclude that [it] had a legitimate, nondiscriminatory reason for the adverse employment action.” Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1094 (9th Cir.2005). Bel-Aire contends that it laid off 300 people (nearly a third of its workforce) between the months of May and July of 2008, and that Bagley was selected to be laid off “based on his skill level and available work.” Merely enumerating these two factors (“skill level” and “available work”) relevant to the layoff *801 decision without any explanation about how they relate to Bagley’s particular case fails to meet the defendant’s burden of production. See Davis v. Team Elec. Co., 520 F.3d 1080, 1094 (9th Cir.2008). Accordingly, summary judgment was not warranted.
C. Pretext
Summary judgment was also inappropriate because Bagley introduced sufficient evidence to create a triable issue of fact as to pretext.
First, Bagley has demonstrated a close “temporal proximity” between his complaint and his termination. Bell v. Clackamas Cty., 341 F.3d 858, 865 (9th Cir.2003). Second, he introduced evidence that his supervisor, Guy, was unsympathetic to his complaint. Guy testified that he had doubts about Bagley’s sincerity, believed that he might have been “putting on a show,” and thought that Bagley should have taken matters into his own hands rather than complaining about it; see Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1071 (9th Cir.2003). Third, Schroder admitted that there continued to be work at the Dial project for apprentices and pipe-fitters until December of 2008 — five months after Bagley’s discharge and six months after his involuntary transfer, and Guy stated that Bel-Aire was “way behind” at the Dial project at the time Bag-ley was transferred, particularly in the area where Bagley was working. This information casts doubt upon Bel-Aire’s proffered explanation for Bagley’s termination. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1123 (9th Cir.2004) (quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). Fourth, Bagley also introduced evidence that he received excellent evaluations from his supervisors and had been told he had a future with the company, evidence which further supports his theory that he was singled out for disfavored treatment because of his complaint. See E.E.O.C. v. Boeing Co., 577 F.3d 1044, 1051 (9th Cir.2009).
Finally, Guy’s statement that Bagley’s transfer was motivated by a desire to protect him from his co-workers could be interpreted as direct evidence of discriminatory intent. Boeing Co., 577 F.3d at 1050. Defendant’s suggestion that the views of line-level employees should not be attributed to the corporation is unavailing in light of the fact that a supervisor explicitly relied upon the animus of Bagley’s coworkers as the primary reason justifying his transfer to a less desirable job site, Cf. Lam v. Univ. of Haw., 40 F.3d 1551, 1560 n. 13 (9th Cir.1994).
CONCLUSION
While Bagley has introduced sufficient evidence to survive summary judgment, we pause to note that this is not a one-sided case, and we therefore express no view as to the merits of Bagley’s claim. A juiy may very well credit evidence introduced by Bel-Aire and find in its favor. However, cases in this circuit emphasizing the low-bar an employment discrimination plaintiff must meet to avoid summary judgment are legion. See e.g. Chuang v. Univ. of California Davis, Bd. of Trustees, 225 F.3d 1115, 1124 (9th Cir.2000). Accordingly, we reverse the district court’s order.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided *799 by 9th Cir. R. 36-3.

. For the first time at oral argument, Bagley advanced the argument that his involuntary transfer claim is timely under the "continuing violation” theory. Oral Argument at 14:00-15:09, http://www.ca9.uscourts.gov/media/ view_video.php?pk_vid=0000008851. However, the Supreme Court has rejected this precise argument. Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).