Victor H. McDONALD

v.

**COMMONWEALTH GAS COMPANY.**

**Civ. A. No. 76–708–Z.**

United States District Court,
D. Massachusetts.

Jan. 26, 1982.

---

Edward F. Haber, Boston, Mass., for plaintiff.

Glenn E. Dawson, Morgan, Brown, Kearas & Joy, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964. Plaintiff Victor H. McDonald, alleges race discrimination by his former employer, Commonwealth Gas Company ("Commonwealth") resulting in his layoff in June 1975. The parties filed a stipulation of facts and legal and evidentiary material, and agreed that the case is to be decided on the merits pursuant to Fed.R.Civ.P. 41(b).

The stipulated facts are: Plaintiff McDonald is a black male. On May 19, 1971 he applied for the first time for a position at Commonwealth and was hired as a House Heating Salesman in the Company's Sales Department. McDonald worked in this capacity until June 30, 1975. While so employed, he several times requested transfers to a position in the field of public relations. On June 30, 1975 plaintiff and eleven other employees were laid off as a consequence of Commonwealth's business decision to reduce the number of personnel in its sales department. Those laid off were the residential salesmen with the least amount of service. Effective July 2, 1975 the company created and filled a number of new job classifica-

tions in the public relations area. These positions were filled by employees who had had sufficient service with the company to withstand the layoffs. Prior to July 2, 1975 the company had no personnel employed in any capacity relating to community relations, public relations or consumer relations.

Plaintiff's amended complaint alleges two separate violations of Title VII. He contends that Commonwealth's failure to transfer him to a position as a public relations representative or community relations representative constituted an illegal discriminatory act. Second, McDonald argues that the company's reputation as a discriminatory employer prevented him from applying for a position prior to May 19, 1971. He contends that had he applied in 1968 and been hired at that time he would have acquired enough seniority to have withstood the 1975 layoffs. McDonald alleges that the company's reputation in 1968 caused him not to apply for a job at that time, and gives rise to a separate claim, cognizable under Title VII. Neither allegation constitutes a violation of Title VII for which he is entitled to relief at this time.

Title VII of the Civil Rights Act of 1964 is designed to assure equality of employment opportunities and eliminate discriminatory practices which created "racially stratified job environments to the disadvantage of minority citizens." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973); *See also Griggs v. Duke Power Co.*, 401 U.S. 424, 430–31, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). The statute provides:

(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1).

In *McDonnell Douglas v. Green, supra*, the Court articulated the standard to be employed where, as in the instant case, a private, non-class action complaint alleges racial discrimination. A complainant has the burden of establishing a prima facie case. In order to satisfy this burden he must show that (1) he belongs to a racial minority; (2) he applied and was qualified for a job the employer was trying to fill; (3) though qualified, he was rejected; and, (4) the employer continued to seek applicants with similar qualifications. *McDonnell Douglas, supra*, 411 U.S. at 803, 93 S.Ct. at 1824. Later, in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), the Court noted that the *McDonnell Douglas* criteria:

demand that the alleged discriminatee demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought. *Teamsters, supra*, at 359 n.44, 97 S.Ct. at 1866 n.44.

A line of cases have addressed charges of discrimination in the context of seniority systems. Title VII provides that an employer may, under a bona fide seniority system, lawfully apply different treatment to employees with similar qualifications. 42 U.S.C. § 2000e–2(h). But if job applicants have been discriminatorily refused positions and have thus lost seniority, the Supreme Court has held that they may be entitled to retroactive seniority as a form of remedy. *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). The following year, in *Teamsters, supra*, the Court extended the right to that relief to certain non-applicants—those incumbent employees who prove that they would have applied for a job but for the employer's discriminatory practices.[1]

---

1. Noting that a party attempting to demonstrate a right to such relief faced a "difficult task" and "not always easy burden" (*Team-* *sters, supra*, 431 U.S. at 365, 368–69, 97 S.Ct. at 1869, 1871) the Court distinguished the incumbent employee who might, for various reasons,

In any event, the statute, 42 U.S.C. § 2000e–5, requires that a charge of discrimination "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred..." In *United Airlines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), decided the same day as *Teamsters*, the Court held that the illegal employment practice which started the limitations period was plaintiff's forced resignation because company policy denied employment to married stewardesses, not the denial of seniority in 1972 when she was rehired.

The court stated:

United was entitled to treat that past act as lawful after respondent failed to file a charge of discrimination within the 90 days then allowed by § 706(d). A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed .... it is merely an unfortunate event in history which has no present legal consequences. *Evans, supra,* at 559, 97 S.Ct. at 1889.

The statute does not foreclose attacks on the current operation of seniority systems which are subject to challenge as discriminatory. But such a challenge to a neutral system may not be predicated on the mere fact that a past event which has no present legal significance has affected the calculation of seniority credit, even if the past event might at one time have justified a valid claim against the employer. A contrary view would substitute a claim for seniority credit for almost every claim which is barred by limitations. *Evans, supra* at 561, 97 S.Ct. at 1890.[2]

Her claim was barred because she had not brought it within the statutorily required time after her forced resignation.

Post-*Evans,* courts have carefully observed the distinction between issues of violation and issues of remedy. *See, Acha v. Beame,* 570 F.2d 57, 65 (2nd Cir. 1978) (*citing Evans, supra*); *Cates v. Trans World Airlines, Inc.,* 561 F.2d 1064, 1072 (2nd Cir. 1977). In determining whether a claim is timely, the alleged violation must first be identified. Where the claim is grounded on the theory that a plaintiff occupies a lower spot on a seniority list than he would have enjoyed had he been hired earlier, the underlying wrong is the discrimination in hiring. *Franks, supra,* 424 U.S. at 759, 96 S.Ct. at 1261 ("[t]he underlying wrong affecting them is not the alleged operation of a racially discriminatory seniority system but of a racially discriminatory hiring system."); *Cates, supra* at 1072; *DeGraffenreid v. General Motors Assembly Division,* 558 F.2d 480, 485 (8th Cir. 1977). In *Cates* the Court stated:

What was characterized as a second independent violation of Title VII, the seniority claim, was nothing more than the residual effect of a prior discriminatory refusal to hire, which could have been remedied had that past unlawful employ-

be deterred from applying for another position within the company, from the "public at large". In a footnote, it stated that resolution of the nonapplicant's claim required two separate determinations: "that he would have applied but for discrimination and that he would have been discriminatorily rejected had he applied." *Teamsters, supra* at 369 n.52, 97 S.Ct. at 1871 n.52. With respect to the first issue, the Court said that the fact of incumbency might tend to support a nonapplicant's claim, making it more "superficially plausible" that he would have applied for a new position within the organization, than would a "similar claim by a member of the general public who may never have ... heard of the company prior to suit." *Id.*

In another footnote dealing with the nonapplicant's burden, the Court stated: "the purpose of the nonapplicant's burden of proof will be to establish that his status is similar to that of the applicant, he must bear the burden of coming forward with the basic information about his qualifications that he would have presented in an application." *Id.* at 370 n.53, 97 S.Ct. at 1872 n.53. The burden would then shift, as in *Franks,* to the employer who, "might show that there were other, more qualified persons who would have been chosen for a particular vacancy, or that the nonapplicant's stated qualifications were insufficient." *Id.*

2. At the time Section 706(d) of the statute established a 90 day time in which to file. The statute has since been amended to enlarge the time to 180 days.

ment practice been timely asserted and proven. *Cates, supra* at 1072.

■ A claim based on a "refusal to hire" must be brought within 180 days after the last possible date on which it could have occurred. *Cates, supra*, at 1072; *Acha v. Beame*, 570 F.2d 57, 65 (2nd Cir. 1976); *DeGraffenreid, supra*, at 485.[3]

Applying these standards to this case, it is clear that plaintiff cannot prevail.

■ Plaintiff's first claim, that he was refused promotion in his job during the tenure of his employment, falls under the *McDonnell Douglas* standard. In order to make out a prima facie case of discriminatory practices based on Commonwealth's failure to place him in a particular position, plaintiff has to show (1) that he was black; (2) that he applied for a job in public relations or community relations for which Commonwealth was actively seeking applicants; (3) that he was rejected from the position; and, (4) that Commonwealth continued to look for applicants to fill the positions. While plaintiff has satisfied the first requirement, on the stipulated facts he has failed to prove the others. The company had no positions in personnel or community relations until July 2, 1975, by which time McDonald had already·been laid off.

Since Commonwealth had no position of the type sought by plaintiff, he cannot make out a prima facie case of employment discrimination based on the company's failure to promote him.

■ With respect to his second claim, plaintiff asserts that, were it not for his having been deterred from applying for a position in 1968 by virtue of Commonwealth's known discriminatory hiring practices, he would have applied for a job in 1968 and acquired the requisite seniority to withstand the 1975 layoffs. He attempts to equate himself with the nonapplicants identified by the Court in *Teamsters.* Before the merits of such a claim can be reached, however, he must demonstrate that he has filed his claim in a timely manner. Under the authority of *Evans*, this claim is clearly time-barred. Plaintiff does not challenge the seniority system on its face. He simply claims that, had he applied for a job earlier, he would not have been laid off.

This is no more than a claim that defendant discriminated in hiring in 1968. Plaintiff was hired in 1971 and did not bring suit until 1975. Therefore, I hold that the claim is time-barred.[4]

Accordingly, I find for the defendant Commonwealth on both the law and the

---

**3.** In a footnote, the court in *Cates* refused to consider whether the final triggering date on a refusal to hire claim was the date employment was actually refused or the date on which the lower-level of seniority was assigned, i.e., date of hire itself. *Cates, supra*, at 1072 n. 10. In *DeGraffenreid, supra*, the court dealt with the question by referring to "one hundred and eighty days following their entry into service." *Id.* at 485. It would appear, therefore, that with respect to a nonapplicant "refusal to hire" claim, the final day on which the cause of action could be triggered would be either the last day before actual hiring or the date of hire itself.

**4.** In any event plaintiff appears to be reading *Teamsters* too broadly. To make his nonapplicant showing, plaintiff must go back to his status in 1968 when he claims he would have applied for a position. In 1968 he would have been a member of the public at large. He was not an incumbent employee in 1968 and was therefore not entitled to the "superficial plausibility" that an incumbent employee might be entitled to under *Teamsters. See* note 1, *supra.* As a nonapplicant member of the public at

large he would have to show that he should be entitled to applicant status. *See* note 1, *supra.* As *Teamsters* noted, he would have the burden of demonstrating both that, in 1968 he was qualified and would have applied but for discrimination and that he would have been discriminatorily rejected had he applied. *See* note 1, *supra.* The majority of cases following *Teamsters* which raise this nonapplicant claim involve incumbent employees, not members of the public at large. *See, e.g. Sears v. Bennett*, 645 F.2d 1365 (10th Cir. 1981) U.S.App. pending; *Milton v. Weinberger*, 645 F.2d 1070 (D.C. Cir.1981); *Grant v. Bethlehem Steel Corp.*, 635 F.2d 1007 (2nd Cir. 1980) *cert. denied*, 452 U.S. 940, 101 S.Ct. 3083, 69 L.Ed.2d 954 (1981); *Claiborne v. Illinois Central R.R.*, 583 F.2d 143 (5th Cir. 1978), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979). Where members of the public have attempted to assert this claim, more than unilateral assertions have been required. *See, Hornick v. Borough of Duryea*, 507 F.Supp. 1091, 1101–02 (M.D.Penn. 1980).