See also, Bkrtcy., 60 B.R. 887.

In the Matter of REVERE COPPER & BRASS, INCORPORATED, Debtors.

Ruth WRIGHT, Willodean Wright, Ruth Shrader, Jo Shaw, Jacqueline Scott, Amy Henry, Ira Wooden, Bonnie Brown, Carolyn Hutchins, Beatrice Griffin, Susette Washington, Plaintiffs,

v.

REVERE COPPER & BRASS, INCORPORATED, Defendant.

Civ. No. 85–HM–5373–NE.

United States District Court, N.D. Alabama, Northeastern Division.

May 20, 1986.

Martha Jane Patton, David Gespass—Gespass & Johnson, Birmingham, Ala., Franklin Siegel, New York City, Carol Ann Rasmussen, Birmingham, Ala., for plaintiffs.

Stephen Karatkin and Hal Marcus, Weil, Gotshal & Manges, New York City, Wm. F. Gardner, Wesley C. Redmon, Cabaniss, Johnson, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendant.

## ORDER

HALTOM, District Judge.

The above entitled Title VII civil action (an adversary proceeding) was commenced on July 30, 1984 in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") by eleven female former employees (the "plaintiffs") against Revere Copper and Brass Incorporated (the "defendant," hereinafter "Revere")[1] and others no longer a party defendant herein and was transferred to this Court on May 22, 1985 by Order of the Bankruptcy Court entered on May 13, 1985, granting plaintiffs' motion to transfer. This cases involves the 1979 layoff of the eleven female plaintiffs from Revere's Scottsboro, Alabama Plant.[2] The com-

---

1. Revere Copper and Brass Incorporated and a number of its subsidiaries and affiliates (collectively the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code on October 29, 1982 and have since been operating as debtors-in-possession.

2. By application in the Bankruptcy Court dated January 11, 1985 Revere sought authority to sell the Scottsboro, Alabama sheet mill to a third party for 27.2 million plus assumption of certain liabilities. Plaintiffs objected to the sale to the extent that it might impact on their claimed

plaint alleges that the plaintiff females were discriminated against by reason of their sex by Revere's decision to have the remaining male employees at its sheet mill work overtime instead of recalling the eleven female plaintiffs. This civil action is now before the Court upon defendant's motion for summary judgment in its favor with respect to all claims herein asserted by plaintiffs against movant. Because Revere's decision to work the remaining employees overtime rather than recalling the laid-off plaintiff female employees occurred more than 180 days before the filing of plaintiffs' EEOC charges in October 1981 and because the plaintiffs were allegedly all aware of the facts giving rise to their claims more than 180 days prior to the time their EEOC charges were filed, defendant asserts that plaintiffs' claims are barred by Section 706(e) of Title VII which provides that:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred—. [42 U.S.C. § 2000e–5(e)].

In response to the Court's Order of January 7, 1986 defendant Revere on or about January 18, 1986 submitted what it represents to be the undisputed facts [3] relevant to its motion for summary judgment, together with brief and argument in support thereof. Under date of January 17, 1986 counsel for plaintiffs filed herein brief in opposition to defendant's motion for summary judgment and alternate Rule 56(f), Fed.R.Civ.P., motion to continue defendant's application for summary judgment until discovery has been completed.

First considering plaintiffs' Rule 56(f) motion to continue defendant's January 6, 1986 application for summary judgment, the Court notes of record the pendency of this adversary proceeding in the Bankruptcy Court for over nine (9) months before its

transfer to this Court on May 22, 1985 and the pendency of the case in this Court from May 22, 1985 until January 6, 1986 (a period of over seven (7) months), the date on which Revere filed the motion for summary judgment now under consideration. The Court concludes that plaintiffs have had ample and sufficient time within which to garner through discovery or otherwise specific facts showing that there is a genuine issue for trial respecting defendant's Section 706(e) Title VII defense. The last two sentences of Rule 56(e), Fed.R.Civ.P., speak clearly with respect to the duty owed by these eleven plaintiffs:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

While summary judgment may be inappropriate where the party opposing it shows under Rule 56(f) that he cannot at the time present facts essential to justify his opposition, the Court is possessed with sound discretion in determining whether the opposing party could have in fact been possessed of opposing facts (if they existed) in the exercise of dispatch and diligence. And upon consideration of the facts presented here on behalf of plaintiffs in support of their Rule 56(f) motion, the Court in the exercise of its sound discretion concludes and holds that plaintiffs' Rule 56(f) motion is due to be denied.

It is therefore ORDERED that plaintiffs' Rule 56(f), Fed.R.Civ.P., motion be and the same hereby is DENIED.

right of reinstatement. Following a hearing on the sale applications, the Bankruptcy Court approved the sale in an order dated January 30, 1985.

3. The relevant undisputed facts set out by defendant are taken from the plaintiffs' depositions in this action. Inasmuch as the case involves eleven plaintiffs, the undisputed facts from each of plaintiffs' depositions are set out separately.

Now upon consideration of defendant's motion for summary judgment, the evidentiary matter offered in support and in opposition thereto,[4] the pleadings, briefs and argument and applicable law, the Court is of the opinion that defendant's motion for summary judgment is due to be granted with respect to all claims herein asserted by each plaintiff against defendant for the reasons stated in defendant's scholarly and thoroughly persuasive brief and argument submitted in this case in support of its summary judgment motion. The Court has further considered and found persuasive two recent decisions of the United States District Court for the Northern District of Alabama, *Huskey, et al. v. GTE Communications Systems Corporation*, No. 84–H–5786–NE (N.D.Ala., January 6, 1986) and *Alldredge v. Diamond Shamrock Agricultural Chemicals*, No. 85–P–1502–W (N.D.Ala., January 6, 1986) [Available on WESTLAW, DCT database], cited in supplemental letter brief from counsel for defendant dated March 19, 1986. These cited decisions both involve the dismissal of claims by plaintiffs arising under the Age Discrimination In Employment Act for failure to file their charges with the Equal Employment Opportunity Commission within 180 days of the time they were aware of facts sufficient to put them on notice of possible claims.

The Court expressly finds and determines that there is no genuine issue of material fact with respect to the Section 706(e) Title VII defense asserted by defendant to plaintiffs' claims herein, that defendant is entitled to judgment in its favor as a matter of law with respect to each claim herein asserted by each plaintiff against defendant in this action and that there is no just cause or reason for delay in entry of final judgment in this case in favor of defendant and against each plaintiff. Accordingly, it is

ORDERED, ADJUDGED and DECREED that defendant's motion for summary judgment with respect to all claims herein asserted by plaintiffs against defendant be and the same hereby is GRANTED and ENTERED, that plaintiffs RUTH WRIGHT, WILLODEAN WRIGHT, RUTH SHRADER, JO SHAW, JACQUELINE SCOTT, AMY HENRY, IRA WOODEN, BONNIE BROWN, CAROLYN HUTCHINS, BEATRICE GRIFFIN, SUSETTE WASHINGTON each have and recover NOTHING of defendant Revere Copper and Brass, Incorporated, that the costs of this cause are taxed against plaintiffs jointly and severally, and that the above entitled civil action (adversary proceeding) be and the same hereby is REMANDED and TRANSFERRED to the United States Bankruptcy Court for the Southern District of New York. The Clerk of this Court is DIRECTED to forthwith forward a certified copy of the within Order to the Clerk of the United States Bankruptcy Court for the Southern District of New York, together with the pertinent portions of the official court file herein heretofore forwarded to the Clerk of this Court by the Clerk of the Bankruptcy Court.

---

**4.** This Court finds from a review of this evidentiary record that the facts stated in defendant's submission of undisputed facts in support of motion for summary judgment represent material facts relevant to the motion for summary judgment and further represent relevant and material undisputed facts.