836 F.2d 505
 45 Fair Empl.Prac.Cas. 1441,
45 Empl. Prac. Dec. P 37,776
 Ruth WRIGHT, Willodean Wright, Ruth Shrader, Jo Shaw, Jackie
Scott, Amy Henery, Ira Wooden, Bonnie Brown,
Carolyn Hutchins, Beatrice Griffin,
Susette Washington,
Plaintiffs-Appellants,
v.
REVERE COPPER AND BRASS INCORPORATED, Revere Aluminum
Southeast, Inc., Defendants-Appellees,
Local 7468 United Steelworkers of America et al., Defendants.
 
 No. 86-7437.
 United States Court of Appeals, Eleventh Circuit.
 Jan. 29, 1988.
Rehearing and Rehearing En Banc Denied March 14, 1988.
 Martha Jane Patton, David Gespass, Birmingham, Ala., for plaintiffs-appellants.
 Wesley C. Redmond, Cabaniss, Johnston, Gardner, Dumas, & O'Neal, William F. Gardner, Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before TJOFLAT and ANDERSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is a Title VII sex discrimination suit. The district court, 652 F.Supp. 80, granted the defendant-employer summary judgment after finding that the plaintiff-employees, all females, failed to file their claims of sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discrimination. See 42 U.S.C. Sec. 2000e-5(e) (1982).[1] We vacate the court's judgment and remand the case for further proceedings.
 
 
 2
 The record indicates the following. Sometime during 1979, the employer laid off several production employees, both male and female, according to their job seniority, due to a lack of work. Under the collective bargaining agreement that controlled the workplace, the laid-off employees were entitled to be recalled if production demands increased. In early 1980, production demands increased, requiring additional workers. Instead of recalling the plaintiffs as required by the collective bargaining agreement, however, the employer worked male employees overtime. The plaintiffs complained to their union, and the union commenced grievance proceedings, contending that the collective bargaining agreement required the employer to recall the plaintiffs.[2] The plaintiffs did not complain to the EEOC, however.
 
 
 3
 The employer continued to work males overtime, without recalling the plaintiffs, over a period of several months. Finally, in October 1981, the plaintiffs went to the EEOC, claiming sex discrimination. The EEOC found no discrimination, and issued each plaintiff a right to sue letter. The plaintiffs thereafter commenced this suit.
 
 
 4
 In granting the employer's motion for summary judgment, the district court focused on the employer's initial act of discrimination, and each plaintiff's knowledge thereof. The court found that the initial act of sex discrimination occurred, and each plaintiff knew of it, more than 180 days before any of the plaintiffs filed charges with the EEOC; therefore, the court concluded, all of the claims were barred. The court, however, disregarded the possibility that the employer may have violated Title VII with respect to one or more of the plaintiffs within the 180-day filing period, apparently believing that in a case involving repeated acts of discrimination, the timeliness of the claimant's EEOC filing is measured from the date the claimant had, or reasonably should have had, knowledge of the first act of discrimination. See, e.g., Stafford v. Muscogee County Bd. of Educ., 688 F.2d 1383, 1387 (11th Cir.1982); McWilliams v. Escambia County School Bd., 658 F.2d 326, 328 & n. 1 (5th Cir. Unit B Oct. 1981).
 
 
 5
 It is axiomatic that each plaintiff is entitled to prosecute under Title VII any act of discrimination that occurred within 180 days of the filing of her EEOC charge.[3] The record indicates, as noted, that the employer worked males overtime rather than recalling one or more of the plaintiffs within 180 days of the respective plaintiff's filings. The record also indicates, at least for summary judgment purposes, that a sufficient amount of work was available, on one or more occasions when the males worked overtime, to require the employer under the collective bargaining agreement to recall one or more of the plaintiffs. Accordingly, the district court erred in summarily disposing of the claims of at least one of the plaintiffs.
 
 
 6
 The record may establish that summary judgment was appropriate with respect to the claims of one or more of the plaintiffs, thus entitling the employer to a pro tanto affirmance. We believe, however, that given the somewhat confusing state of the record in this case, this judgment call should be made in the first instance by the district court. We accordingly remand the case for further proceedings. We do so without precluding the district court, after it focuses on the employer's overtime practice within 180 days of a given plaintiff's EEOC filing, from summarily disposing of such plaintiff's claim.[4]
 
 
 7
 VACATED and REMANDED.
 
 
 
 [1]
 Section 2000e-5(e) provides, in part, that a discrimination charge "shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred."
 
 
 [2]
 The record does not indicate the outcome of these grievance proceedings. Apparently, neither side asked the district court to take the result of the grievance proceedings into account in determining whether the collective bargaining agreement required the employer to recall any of the plaintiffs to work and, if so, whether the employer failed to recall them on account of their sex
 
 
 [3]
 The plaintiffs also seek to prosecute acts of discrimination that occurred more than 180 days prior to the filing of charges with the EEOC; that is, they seek to recover for all wages and other benefits they would have received but for the employer's acts of discrimination. The Supreme Court, however, when faced with an untimely filing by a Title VII claimant, laid to rest any such notion:
 [a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history, which has no present legal consequences.
 United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977).
 
 
 [4]
 The plaintiffs seek the vacation of the district court's summary judgment on an alternative ground which we deem meritless. They contend that the district court abused its discretion in refusing to defer its consideration of the employer's motion for summary judgment, so that they could engage in further discovery. The plaintiffs had more than one year to discover the facts in this case, many of which, such as the amount of overtime worked by the male employees, could have been ascertained through interrogatories which they declined to propound. Under the circumstances, we could not say that the court abused its discretion in not giving the plaintiffs more time for discovery