[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2012
JOHN LEY
CLERK

No. 11-13061
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22951-KMM


JOAN LYONS,

                                                          Plaintiff - Appellant,

                          versus

MIAMI DADE COUNTY FIRE RESCUE DEPARTMENT,
MIAMI DADE COUNTY,
Governmental Entities,

                                                          Defendants - Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 25, 2012)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Joan Lyons appeals the summary judgment in favor of Miami-Dade County and against her complaint of unlawful retaliation and discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, id. § 12101 et seq., and the Florida Civil Rights Act, Fla. Stat. § 760.10. Lyons argues that she was prejudiced by the denial of her motions to amend the scheduling order and to defer consideration of the motion of the County for summary judgment. Lyons also argues that the County retaliated against her for filing complaints with the Equal Employment Opportunity Commission and the Internal Affairs office and that the County violated the Disabilities Act by requesting that she submit to a medical examination. We affirm.

The district court did not abuse its discretion when it denied Lyons's motions to amend the scheduling order and to defer consideration of the motion for summary judgment. Lyons sought additional time purportedly to conduct discovery, but Lyons had been dilatory in preparing for trial. Lyons's counsel of eight months withdrew based on Lyons's refusal to "fulfill . . . obligations" or to communicate with him. After counsel withdrew and before Lyons filed her motions, Lyons failed to comply with an order to notify the district court whether she would proceed pro se or retain new counsel; she twice failed to appear for a deposition; and she neglected to hire new counsel until after the deadline for

2

discovery and pre-trial pleadings had expired and after the County had moved for summary judgment. Lyons failed to establish that there was "good cause" to amend the scheduling order, Fed. R. Civ. P. 16(b)(4), or that her circumstances warranted that the district court defer consideration of the motion for summary judgment, see Wright v. Revere Copper and Brass Inc., 836 F.2d 505, 507 n.4 (11th Cir. 1988).

Even if we assume, as the district court did, that Lyons proved a prima facie case of retaliation, Lyons failed to prove that the legitimate reason proffered for her termination was pretextual. See Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181–82 (11th Cir. 2010); Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007). The County presented evidence that Lyons was terminated for insubordination after she refused to comply with an order to provide medical information in an evaluation to determine her fitness to resume work. Lyons argues that the "reason[] proffered . . . for [her] termination . . . [is] rife with errors and inconsistencies," but the County introduced the testimony of Dr. Dasalia Soto that she could not evaluate Lyons's fitness for duty because Lyons had refused to execute a release to grant access to her medical history. Lyons conceded in her response to the motion for summary judgment that she had refused to execute the release. Lyons failed to present evidence that would create a genuine issue of

3

material fact about whether the reason for her termination was discriminatory or unworthy of credence. See Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1278 (11th Cir. 2008).

Lyons also failed to establish a prima facie case of discrimination under the Disabilities Act. Under the Act, a covered employer may not require a medical examination or make medical inquiries regarding an employee's disability "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). The County had reason to question Lyons's fitness to work as a fire code inspector. In 2005, Lyons was injured on the job and suffered a herniated disk and dislocated vertebrae, after which she required periodic reassignments to light duty and obtained a medical leave of absence between December 1, 2006, and July 13, 2007, for "urgent medical care." The order to undergo a fitness evaluation was indisputably related to a legitimate concern of the County about whether Lyons could perform her job-related duties.

We **AFFIRM** the summary judgment in favor of the County.

4