Boisvert v. Sears                    CV-96-495-M    05/01/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jeanie T. Boisvert
       Plaintiff

       v.                                      Civil No. 96-495-M

Sears, Roebuck & Co.
       Defendant


**O R D E R**


The parties have filed several motions in limine in anticipation of trial scheduled to begin next week.  The parties' motions are resolved as follows.


1.    Plaintiff's Motion Regarding Defendant's Expert
      Witness, Catharine S. Newick (Document No. 48)

Ms. Newick is expected to testify about Boisvert's claimed lost earnings.  Sears submitted an expert disclosure and a report that is neither signed nor dated.  Boisvert's motion attacks the substance of Newick's report, pointing out that some of the factual bases of her opinion are contradicted by other evidence. On that ground, plaintiff argues that Newick's report has "no reasonable basis in fact" and asks that Newick be barred from testifying to the contents of her report.

Federal Rules of Evidence 703 and 705 put the burden of challenging the factual bases for an expert's opinion on the opposing party's cross examination.  Newell Puerto Rico, Ltd. v. Rubbermaid, 20 F.3d 15, 20 (1st Cir. 1994).  Boisvert's motion seems to be a summary of cross examination material.  The motion

includes no legal support for Boisvert's argument that an expert witness may be barred from testifying when plaintiff disputes the factual bases of her opinion.

Accordingly, the motion (document no. 48) is denied.


2.    Defendant's Motion to Preclude Testimony of Plaintiff's Economic Expert (Document no. 53)

Sears argues that Boisvert's expert's opinion of her lost earnings is "irrelevant" because it is based on her salary before she left Sears.  Although this too is a factual issue, defendant has a point – Boisvert cannot recover for income lost as a result of her layoff during Sears's reorganization.  Instead, Boisvert's claim extends only to damages caused by Sears's allegedly discriminatory failure to rehire her in August 1993.  Thus, her lost earnings claim must be based on what she would have earned in the post-reorganization job for which she applied.  If Boisvert can show that her salary at Sears before she was laid off is somehow relevant to what she would have earned if she had been rehired (in a job available after reorganization), her expert's opinion on that amount may be admissible.  If not, it is likely not to be admissible.  Sears can object at trial if the expert's opinion is offered and is irrelevant or otherwise inadmissible.

Defendant's motion (document no. 53) is denied without prejudice to make an appropriate objection at trial.

2

3. <u>Defendant's Motion in Limine to Exclude Evidence of Defendant's Financial Worth (Documents no. 53 and 64)</u>

Sears also asks that Boisvert's expert witness not be permitted to testify about Sears's net worth because Boisvert did not provide a sufficient factual basis for that opinion. In its second motion, Sears asks that evidence of net worth be barred until Boisvert establishes that she is entitled to punitive damages.

Opinion testimony concerning Sears's net worth does not seem to be relevant to any issue in this case. Since Sears is a well known company, testimony about its worth is unnecessary to inform the jury for purposes of calculating an appropriate (and proportional) punitive damages award. Moreover, any award of future damages and nonpecuniary damages including punitive damages would be capped at $300,000 for a company the size of Sears. 42 U.S.C.A. § 1981a(b)(3)(D). The Title VII cap on damages is based on number of employees, not an employer's net worth. <u>Id.</u>

Defendant's motion (document no. 53) is granted with respect to precluding opinion testimony as to Sears's net worth on grounds that such an opinion is irrelevant, or, to the extent marginally relevant, such evidence will tend to confuse the issues, confuse the jury, and waste time. Defendant's motion (document no. 64) is denied as moot.

4. <u>Defendant's Motion to Strike Claim for Punitive Damages (Document no. 49)</u>

3

Sears argues that Boisvert's claim for punitive damages should be stricken because there is no evidence to support the "heightened standard" required for an award of punitive damages. Plaintiff responds that the same intent necessary to show intentional discrimination in a disparate treatment Title VII case is enough to support an award of punitive damages.

Title VII punitive damages may be awarded "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C.A. § 1981a(b)(1). The First Circuit suggested in McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 507-09 (1st Cir. 1996) (Rosenn, J. of the Third Circuit sitting by designation) that "malice" and "reckless indifference" are something more than intentional discrimination, although the holding in McKinnon is only that "the law does not require the fact-finder to award punitive damages in every case under Section 1981a that involves an intentional tort." Id. at 509. See also, e.g., Harris v. L & L Wings, Inc., 132 F.3d 978, 982 (4th Cir. 1997)(interpreting McKinnon to require more than intentional discrimination as grounds for punitive damages). Since McKinnon, the First Circuit has again considered the proof requirement for punitive damages under Section 1981a, using the federal standard for determining punitive damages in a Massachusetts discrimination case, and without citing McKinnon. The court held, "A jury need not find some special sort of malign purpose

4

in order to exact punitive damages in a disparate treatment case because the 'intent' that is necessary to undergird an award of punitive damages in such a case is the same 'intent' that is required for a finding of discrimination." <u>Dichner v. Liberty Travel</u>, No. 97-2046, 1998 WL 161137 (1st Cir., April 13, 1998).

So, if Boisvert proves intentional discrimination, she would be entitled to argue for punitive damages, although the jury would, of course, not be obligated to award any punitive damages. In addition, even if section 1981a were interpreted to require something more than "mere" intent for an award, whether Boisvert will introduce evidence sufficient to establish her entitlement to punitive damages under a more demanding test presents a factual question that cannot be resolved before trial.

Defendant's motion in limine to strike plaintiff's punitive damages claim (document no. 49) is denied. Plaintiff's motion to supplement (document no. 65) and motion for an emergency hearing (document no. 66) are denied as moot.

5. <u>Plaintiff's Trial Memorandum – Admissibility of Evidence Concerning Plaintiff's Layoff (Document no. 47)</u>

Plaintiff argues that evidence of the circumstances of her layoff from Sears, which she contends was discriminatory, is relevant background evidence tending to explain or put in context Sears's decision not to rehire her. In general, that is correct. <u>See</u> <u>United Air Lines, Inc. v. Evans</u>, 431 U.S. 553, 558 (1977) ("A discriminatory act which is not made the basis for a timely

charge is the legal equivalent of a discriminatory act which occurred before the statute was passed.  It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences."); accord DeNovellis v. Shalala, 124 F.3d 298, 309 n.5 (1st Cir. 1997);  Sabree v. United Brotherhood, 921 F.2d 396, 402 (1st Cir. 1990).  Whether particular evidence or testimony relating to Boisvert's layoff is relevant to her discrimination claim must be determined in the trial context.  However, plaintiff's counsel is cautioned that extensive dwelling on "background" evidence will not be allowed if the real issues in the case become subsumed in the "background."

6.    Plaintiff's Motion Regarding Defendant's Proffered Exhibits (Document no. 63)

Boisvert moves to preclude Sears from introducing certain evidence that it listed as exhibits in its final pretrial statement.  Boisvert raises various grounds including that the evidence is irrelevant, likely to confuse the jury, or incomplete or inaccurate.  Boisvert may raise her evidentiary objections at trial, if and when Sears seeks to introduce the evidence, where the probative value and other issues may be properly assessed in the trial context.  Plaintiff's motion (document no. 63) is denied without prejudice to her raising the same objections at trial.

6

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 1,1998

cc:   Heather M. Burns, Esq.
      Byry D. Kennedy, Esq.
      Joan Ackerstein, Esq.