**[Not for Publication - Not to be Cited as Precedent]**

# United States Court of Appeals
## For the First Circuit

---

No. 00-1428

MICHAEL E. THURSTON,

Plaintiff, Appellant,

v.

WILLIAM J. HENDERSON, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

---

Curtis Webber, with whom Linnell, Choate & Webber, LLP were on brief, for appellant.

Anna V. Crawford, Attorney, with whom Thomas Marshall, Managing Counsel, Andrew L. Freeman, Deputy Managing Counsel, David R. Collins, Assistant United States Attorney, and Jay P. McCloskey, United States Attorney, were on brief, for appellee.

October 5, 2000

**Per Curiam.** Plaintiff Michael Thurston appeals from the grant of summary judgment in his harassment claim brought against defendant William J. Henderson, Postmaster General, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794. After a thorough review of the record and the Plaintiff's submissions, we affirm substantially for the reasons recited by the district court in its order dated March 8, 2000. See Mullin v. Raytheon Co., 164 F.3d 696, 699 (1st Cir. 1999) (appellate courts need not wax longiloquent when a district court has resolved a claim correctly and explained its rationale in a well-reasoned rescript).

We add only the following. Thurston contends that the district court erred in failing to consider the 1996 time-barred incidents as relevant background evidence of workplace harassment. Although it is true that time-barred events may be considered as relevant background evidence, these occurrences cannot be used as a substitute for proof of actual harassment during the limitations period. See United Airlines Inc. v. Evans, 431 U.S. 553, 558 (1977);

-2-

Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429, 439 (1st Cir. 1997). Thus, Thurston first was required to adduce proof that a hostile work environment existed during the relevant period. As the district court painstakingly explained, and as we note below, he has failed to do so.

Thurston also argues that the district court erred by failing to consider a meeting that occurred subsequent to his July 1997 return to the Auburn Post Office. Thurston asserts that the fact that the meeting produced no improvement in his working environment demonstrates that, although the Postal Service was aware of the harassment that occurred in 1996, it did nothing thereafter to fulfill its obligation to take prompt and effective steps to end the improper conduct. This argument is meritless because, while failure by an employer to take remedial steps may constitute improper behavior subjecting it to liability, that failure is not itself harassment. See Provencher v. CVS Pharmacy, 145 F.3d 5, 15 (1st Cir. 1998). The Postal Service's response, or lack thereof, to Thurston's complaints regarding the 1996 incidents of harassment does not bear on whether Thurston was exposed to a hostile work environment based upon his disability in 1997 and 1998.

Finally, Thurston contends that the district court erroneously excluded on hearsay grounds Thurston's statement that Paul Lauziere filed a false grievance on Thurston's behalf. But even if the district court improperly failed to consider this evidence, Thurston's showing is still inadequate to establish a hostile work environment as a matter of law.

In sum, we agree with the district court that Thurston has not offered sufficient evidence to permit a reasonable jury to find that the harassment during the relevant period was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. See Oncole v. Sundowner Offshore Servs., 523 U.S. 75, 78 (1999); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). The Supreme Court directs us "to determine whether an environment is sufficiently hostile or abusive by looking at all of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening and humiliating, or a mere offensive utterance; and whether it reasonably interferes with an employee's work performance." Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998); see also Harris, 510 U.S. at 23. And because Thurston has failed to

show that the alleged harassment constituted an unreasonably abusive or offensive work environment, it is unnecessary for us to determine whether the Postmaster General took reasonable steps to remedy the conduct of which it was aware.  <u>See</u> <u>DeGrace</u> v. <u>Rumsfeld</u>, 614 F.2d 796, 805 (1st Cir. 1980).

**<u>Affirmed</u>**.