**Vera A. MORGAN, Plaintiff–Appellant,**

v.

**George TENET, Central Intelligence Agency, Defendant–Appellee.**

No. 99–56685.

D.C. No. CV–98–08962–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided May 24, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL,* Chief District Judge.

### MEMORANDUM **

#### I

■ The district court properly granted judgment on the pleadings because Morgan's claims based on conduct prior to March 24, 1997, 45 days before Morgan sought EEO counseling, are time barred.[1] *See* 29 C.F.R. § 1614.105(a)(1). The district court also did not "refus[e] to hear" Morgan's argument in support of her motion for reconsideration. The district court invited argument and Morgan's attorney stated that he had "nothing further to add to the moving papers." The district court did not abuse its discretion, therefore, by denying Morgan's motion for reconsideration of the order granting judgment on the pleadings. *Shalit v. Coppe,* 182 F.3d 1124, 1126 (9th Cir.1999).

#### II

Morgan conducted no discovery during the nearly two years prior to the summary judgment hearing. Because Morgan "fail[ed] to pursue discovery diligently before summary judgment," *Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986), and did not allege specific facts that would have precluded summary judgment,[2] the district court did

---

\* Honorable B. Lynn Winmill, Chief Judge, United States District Court for the District of Idaho, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. This is not to say that Morgan was precluded from introducing evidence of those acts in support of her constructive discharge claim. An employee may be barred by the statute of limitations from stating a cause of action based on a discriminatory act but may nonetheless use the act as evidence supporting a claim of present or continuing discrimination. *See United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

2. Morgan submitted an eleventh-hour declaration alleging facts that might preclude summary judgment, but the district court ruled that it was inadmissible. Because Morgan has not challenged that ruling on appeal, the declaration is not before us.

not abuse its discretion by denying Morgan's Rule 56(f) motion. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 887 (9th Cir.1996).

## III

Blackwell–Walke was the custodian of Morgan's employment records, familiar with the manner in which they were created, and her testimony sufficiently established each of the foundational facts necessary to satisfy Rule 803(6). *United States v. Miller*, 771 F.2d 1219, 1236 (9th Cir. 1985). Turco was a CIA executive officer deemed for evidentiary purposes to have personal knowledge of the CIA's affairs. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990) (finding corporate officer's "personal knowledge and competence to testify are reasonably inferred from their position"). The district court did not abuse its discretion by admitting the declarations and subsequent testimony of Blackwell–Walke and Turco. *See United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir.2000).

## IV

■ We review de novo a district court's grant of summary judgment. *See Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). Whether Morgan's claims are construed as traditional gender and race discrimination claims or as constructive discharge claims, they fail because Morgan submitted no admissible evidence, direct or circumstantial, that the CIA's actions were motivated by race or gender discrimination.[3] *See Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir.2000) (holding that constructive discharge claim may survive summary judgment only if plaintiff "demonstrate[s] that there were triable issues of fact as to whether a reasonable person in [her] position would have felt that he was forced to quit *because of intolerable and discriminatory working conditions*") (emphasis added); *Norris v. San Francisco*, 900 F.2d 1326, 1329 (9th Cir.1990) ("[A] Title VII plaintiff has established a prima facie case once he has offered sufficient evidence 'to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act.' ") (quoting *Int'l Bd. of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)).

AFFIRMED.