**Carl PLEASANTS, Plaintiff,**

v.

**Joseph ALLBAUGH, Director, Federal Emergency Management Agency, Defendant.**

**No. CIV.A.00–3094(JMF).**

United States District Court, District of Columbia.

Oct. 2, 2003.

**54**

Jerry Robert Goldstein, Bulman, Dunie, Burke & Field, Chartered, Bethesda, MD, for Carl W Pleasants.

Laurie J Weinstein, US Attorney's Office, Washington, DC, for Joe M Allbaugh.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This matter was referred to me by Judge Kessler for all purposes. I herein resolve the following issues that were raised at the pretrial conference on September 15, 2003: 1) defendant's objection to plaintiff's testimony about matters that were previously dismissed by the court, 2) defendant's objection to the testimony of Francine Plummer, and 3) plaintiff's objection to the testimony of Kim Roque.

### Defendant's Objection to Plaintiff's Testimony About Matters Previously Dismissed by the Court

At the initiation of this lawsuit, plaintiff had two claims: a pre-retirement failure to upgrade claim and a post-retirement non-selection claim. On February 1, 2002, I denied defendant's motion to dismiss the failure to upgrade claim. *Memorandum Opinion*, February 1, 2002; *Order*, February 1, 2002, 185 F.Supp.2d 69. Although plaintiff had conceded that he did not contact an EEOC counselor within the applicable time limit, his claim was not time-barred because it was saved by the continuing violation theory, which applied because plaintiff was able to demonstrate a " 'series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the statutory period.' " *Memorandum Opinion*, 185 F.Supp.2d at 73 (citations omitted).

However, defendant filed a motion for reconsideration because, shortly after my ruling, the Supreme Court held that the Title VII statute of limitations "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). In light of this decision, I concluded that "the failure to promote claim constituted a discrete act and was only actionable if filed within the 45–day time period allowed by EEOC regulations. Because plaintiff filed an EEOC complaint on October 28, 1999 for a discrete act of discrimination which conceivably took place during January 1999, he failed to meet the filing requirement." I therefore dismissed plaintiff's pre-retirement failure to upgrade claim.

In addition, defendant moved for reconsideration of my May 24, 2002 order, in which I granted discovery on the upgrade claim so that plaintiff could examine how his employer had treated similarly situated people. The defendant argued that discovery on this claim should be denied because the upgrade claim became time-barred. However, the Supreme Court had stated that discrete acts, even if time-barred, " 'may constitute relevant background evidence in a proceeding in which the status of the current practice is at issue.' " The

emphasis, however, 'should not be placed on mere continuity' but on 'whether any present *violation* exist[ed].'" *Morgan*, 536 U.S. at 112, 122 S.Ct. 2061 (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)) (internal citations omitted). Given the history of events that affected African Americans during plaintiff's employment under the supervision of Reginald Trujillo ("Trujillo"), and given their relevance to the issue of Trujillo's alleged discriminatory animus, I allowed plaintiff to continue conducting discovery regarding pre-retirement events to support his non-selection claim, even though his failure to upgrade claim had become time-barred.

 Making arguments similar to those it made in its motion for reconsideration, in the joint pretrial statement and at the pretrial conference held on September 15, 2003, defendant objected to the introduction of plaintiff's testimony about matters previously dismissed by the court. Specifically, defendant objected to evidence of matters that occurred before plaintiff retired because the pre-retirement claims had been dismissed from the case. While my previous memorandum opinion left this question open, I resolve it now.

In *Morgan*, Justice Thomas stated that Title VII does not bar employees "from using the [allegedly discriminatory] prior acts as background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113, 122 S.Ct. 2061. Since that opinion was issued, there has been a growing consensus in which courts have allowed parties to introduce-as background evidence-factual allegations that support time-barred claims insofar as they bear upon timely claims. *See, e.g., Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1192 (9th Cir.2003); *Lyons v. England*, 307 F.3d 1092, 1110 (9th Cir.2002); *Green v. Maricopa County Cmty. College Sch. Dist.*, 265 F.Supp.2d 1110 (D.Ariz.2003); *Upshur v. Dam*, 2003 WL 135819, No. 00 Civ. 2061(DC) at *7 (S.D.N.Y.2003); *Hadad v. Am. Airlines, Inc.*, No. Civ.A. 300CV0041–D, 2003 WL 292170, at *3 (N.D.Tex. Feb.7, 2003); *Shorter v. Memphis Light, Gas & Water Co.*, 252 F.Supp.2d 611, 624 (W.D.Tenn.2003).

Given that such evidence is admissible as background information, the court must engage in a Rule 403 analysis to determine whether the probative value of the evidence outweighs its unfair prejudice. *Lyons*, 307 F.3d at 1110 (stating that the district court will sometimes be required to engage in a Rule 403 balancing process when determining the admissibility of time-barred acts). Of course, probative evidence of discriminatory intent will necessarily prejudice the defendant's case. However, the question is whether it will do so unfairly.

In this particular case, the worst that may happen is that the trial may be lengthened so that the government can rebut the plaintiff's evidence and present its own defense. While this factor must be taken into account, the interest in the full presentation of the evidence outweighs this consideration. In essence, plaintiff must be allowed to put his timely complaint in context and to use prior events to attempt to show the defendant's discriminatory intent. Without evidence of events that occurred *before* plaintiff's retirement, it would be impossible to understand what happened *after* plaintiff's retirement. Therefore, plaintiff may introduce evidence of allegedly discriminatory acts that occurred outside the limitations period. Of course, defendant is entitled to a limiting instruction so that the jury understands that evidence of prior, time-barred acts is for background information only and is not evidence of separate, actionable claims.

### Defendant's Objection to the Testimony of Francine Plummer

In the joint pretrial statement and at the pretrial conference, defendant objected to the testimony of Francine Plummer ("Plummer") because it is of the "me-too" variety. Plummer, an African American employed in the same division as Carl Pleasants ("Pleasants"), filed suit against her employer for race discrimination and retaliation. Plummer identified Trujillo, the same decision maker who has been identified as the discriminating official in the instant case, as the official engaged in some of the employment decisions at issue in her lawsuit. Pleasants now wants to introduce Plummer's testimony to show Trujillo's discriminatory animus against African–American employees.

On August 29, 2003, in an opinion reviewing Plummer's claims of employment discrimination, this court granted summary judgment for the government. *Plummer v. Allbaugh*, No. CIV.A. 00–2372, *Memorandum Opinion*, August 29, 2003, at 1–2. In his opinion, Judge Kay noted that Plummer made out three discrimination claims in which Trujillo was involved: 1) denial of training opportunities, 2) denial of overtime work, and 3) refusal to take action on her rewritten position description.

The court ruled that the first claim was barred for failure to exhaust, but even if it was not barred, Plummer had failed to make out a *prima facie* case of discrimination with regard to the denial of training opportunities. She made no showing that a similarly situated employee outside of her protected class received the training. In addition, when the budget for employee training improved, Plummer was allowed to attend the same training sessions that had previously been denied. Although there was a delay, Plummer never made a showing that she was harmed in the delay.

As to the claim regarding denial of overtime, Plummer also failed to establish a *prima facie* case of discrimination. In fact, in her deposition, she admitted that she was permitted to work overtime. In addition, Plummer offered no evidence that she sought overtime work, that the denial of such work was discriminatory, or that the denial constituted an adverse employment action.

As to the final claim involving Trujillo, Plummer again failed to make out a *prima facie* case of discrimination. In fact, after Plummer complained to an EEOC counselor, the government did take action regarding her rewritten position description by conducting a desk audit, which found that plaintiff's position was properly graded. Again, although there was a delay, Plummer failed to show that she was harmed in any way by the delay in the desk audit and thus failed to show any adverse employment action.

Given these findings, allowing Plummer to testify about her own employment experiences in the instant case is inappropriate. Although Rule 404(b) allows evidence of other, similar acts of racial discrimination to be admitted to show discriminatory motive or intent, the evidence is only admissible if it is of the same character and type of discrimination. Fed. R. Evid. 404(b); *Miller v. Poretsky*, 595 F.2d 780, 783–85 (D.C.Cir.1978); *White v. United States Catholic Conference*, CIV.A.97–1253TAF/JMF, 1998 WL 429842, at *5 (D.D.C. May 22, 1998). In addition, to be admissible, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *Miller*, 595 F.2d at 783–85; *White*, 1998 WL 429842, at *5–6.

In this case, the discriminatory acts of which Plummer complained are of the same character and type as those alleged

by Pleasants. However, the evidence simply does not survive Rule 403's balancing test. Here, the probative value of the evidence is minuscule; an independent judicial officer has already concluded that Plummer's allegations of racial discrimination by Trujillo are unfounded. Thus, their tendency to show Trujillo's discriminatory motive or intent is ambiguous, at best. On the other hand, there is a danger of unfair prejudice to the government because the government has already litigated and prevailed on these matters in another case. There is no reason to force it to do so again. In addition, admitting such evidence may mislead the jury, cause confusion of the issues, and require the government to defend, yet again, against allegations that were already dismissed by this court. Thus, Plummer's testimony, as it relates to past employment actions involving her and Trujillo, is inadmissible.

### Plaintiff's Objection to the Testimony of Kim Roque

█ In the joint pretrial statement and at the pretrial conference, plaintiff objected to the testimony of Ms. Kim Roque ("Roque"), the selectee for the position at issue. Specifically, plaintiff objected to her testimony insofar as it related to her performance after she was hired. Defendant, on the other hand, seeks to introduce this evidence to demonstrate that it made the correct decision when it chose Roque for the position.

Here, the issue before the court is whether the government discriminated against plaintiff at the time it made its selection for the position of Program Specialist (Space Management), GS–301–13/14. Obviously, both Pleasant's and Roque's qualifications for the position and their experience prior to the selection are relevant to this issue. However, how the selectee performed *after* the selection was made has no bearing on whether the dis-

criminating officials bore discriminatory animus at the time of selection. Therefore, because the only relevant information consists of Roques' qualifications for the position and her experience before being hired, her testimony will be limited to those issues.

An Order accompanies this Memorandum Opinion.

### ORDER

Following the pretrial conference held on September 15, 2003, and in accordance with the accompanying Memorandum Opinion, it is, hereby, **ORDERED** that:

1. The parties' objections to the testimony of witnesses are overruled in part and sustained in part; and it is further **ORDERED** that

2. Each party's objections to exhibits and documents are preserved until trial, at which point the court will rule on their relevance and cumulativeness; and it is further **ORDERED** that

3. Counsel shall meet and confer to resolve outstanding issues regarding their exhibit lists. Counsel will re-submit a list of joint exhibits, plaintiff's exhibits, and defendant's exhibits before the trial commences on October 14, 2003; and it is further **ORDERED** that

4. Any issues regarding jury instructions and the verdict form will be resolved at the charging conference; and it is further **ORDERED** that

5. The trial will commence Tuesday, October 14, 2003 at 1:30 p.m.

**SO ORDERED.**