SUMMARY ORDER
Plaintiff-appellant John G. Donovan appeals from a judgment of the United States District Court for the Eastern District of New York (Lindsay, M.J.) entered on March 12, 2008, following a jury trial, in favor of defendants-appellees. We assume *627 the parties’ familiarity with the underlying facts and procedural history of the case.
Donovan challenges four evidentiary rulings by the district court, arguing that the harm resulting from those rulings, both individually and collectively, warrants a new trial. We review a district court’s decision to exclude evidence for abuse of discretion. See Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 136 (2d Cir.2008). Even where a district court erroneously excludes evidence, “a new trial should be granted only if a substantial right of a party is affected — as when a jury’s judgment would be swayed in a material fashion by the error.” Arlio v. Lively, 474 F.3d 46, 51 (2d Cir.2007). In light of this standard, it is plain that none of Donovan’s challenges has merit.
Donovan contends that the district court should have permitted him to testify about events occurring prior to August 5, 2002, notwithstanding the fact that those events fell outside the applicable statute-of-limitations period, because in a retaliation case such as this one, where causation is at issue, “evidence regarding time-barred adverse acts is ahvays relevant and admissible as background evidence in support of the plaintiffs timely claims.” Appellant’s Br. at 25 (emphasis added). Specifically, Donovan argues that he should have been allowed to testify that (1) he resigned from the Police Benevolent Association (“PBA”) Executive Board in 2002 because he thought that doing so would help him get promoted, and (2) he thought he had been passed over for promotions prior to 2002 because he was a member of the PBA Executive Board.
As an initial matter, Donovan’s understanding of the law is incorrect. See, e.g., Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (stating in the Title VII context that time-barred acts “ ‘may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue’” (emphasis added) (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977))); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1211 (2d Cir.1993) (concluding that Evans “merely states that earlier discriminatory acts may constitute relevant background evidence” (internal quotation marks omitted)). Furthermore, we see no abuse of discretion in the district court’s rulings that (1) Donovan’s reason for leaving the PBA Executive Board in 2002 was irrelevant, and (2) Donovan’s own thoughts as to why he was passed over for promotions was unduly prejudicial, given that the issue being tried was whether the defendants’ decision not to promote Donovan in 2005 was made in retaliation for his support of Andrew Cher-noff, a non-incumbent candidate in the election for the Board of Trustees.
Donovan next challenges the district court’s decision to exclude testimony from Donovan’s supervisor, Lieutenant Frisenda, about Donovan’s generally positive job performance. Donovan offered this testimony for two purposes: (1) to show that the Board of Trustees’ reliance on three specific negative incidents involving Donovan was pretextual; and (2) to rebut comments made by defense counsel during his opening statement. With respect to the first purpose, Frisenda conceded that he never provided any evaluation of Donovan’s job performance to any of the Trustees. Thus, we see no abuse of discretion in the district court’s ruling that this testimony was irrelevant. Further, assuming arguendo that the district court should have permitted Frisenda’s complete testimony to rebut defense counsel’s opening statement, that error was harmless given that Frisenda was permitted to testify that (1) Donovan regularly exceeded the *628 minimum number of miles required on a patrol shift, and (2) Donovan never had formal disciplinary charges filed against him regarding any of the three incidents.
Donovan asserts next that the district court abused its discretion when it prevented John Catanno, the PBA Board President, from answering a question about whether he had any fear of testifying at trial, because Catanno’s answer would have demonstrated that the defendants were aware of their own retaliatory acts vis-a-vis Donovan. What Catanno would have said had he been permitted to answer, however, is pure speculation because Donovan made no proffer during the trial as to what Catanno would testify to in response to the question. We note also that, to the extent Donovan offered Catanno’s testimony to prove that a defendant Trustee called the police chief to pass on the message that the officers should pressure Donovan to drop his suit, the district court properly excluded it as inadmissible hearsay.[1] See Fed.R.Evid. 801(c), 802.
Finally, Donovan challenges the district court’s decision to exclude two letters sent by the New York Civil Liberties Union to the Village of Málveme. The purported value of the letters appears to be that they could have permitted the jury to draw the inference that the defendants knew that Donovan was campaigning for Andrew Chernoff, and that the decision not to promote him was in retaliation for that activity. The district court did not abuse its discretion by excluding these letters. But assuming arguendo that it had, that error was harmless because the jury found that each defendant knew that Donovan was campaigning for Chernoff.
We have considered all of Donovan’s arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.

. Donovan argues also that the district court should have permitted testimony from Robert Donovan ("Robert”), his brother, regarding a conversation Robert had with the Chief of Police about Donovan. But although Robert testified about this conversation during his deposition, the trial transcript does not indicate that Robert was asked about the conversation during trial. Nor does Donovan point to anywhere in the trial record where the district judge actually decided to exclude this testimony.