NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0009n.06

No. 21-5470

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 05, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| HENRY HASSELL, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| FORD MOTOR COMPANY, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: COLE, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. After Henry Hassell, Jr. injured his hand in a workplace accident, his employer, Ford Motor Company, terminated his employment. Hassell believes that Ford terminated him because of his disability and race, so he sued. The problem is that Hassell's layoff happened in 1981, nearly forty years before he raised his claims. The district court dismissed his claims as untimely. We agree and AFFIRM.

I.

In 1980, Hassell nearly severed the middle finger on his right hand while operating a grinder on the job at Ford. He suffered permanent nerve and ligament damage but returned to work a year later. Due to his impairment, Hassell was unable to lift heavy objects or even write legibly. Hassell claims that Ford was nevertheless required to keep him on as a "full workers' comp status" employee because a company doctor deemed him "incapacitated due to an on the job

injury." Instead, Hassell claims, Ford "downplayed the extent of [Hassell's] injury" and terminated him three weeks after he returned to work.

At the time of his layoff, Hassell had worked for Ford for eight and a half years. Had Hassell accrued ten years with Ford, he would have been entitled to full disability retirement benefits, including a pension and medical insurance. But because he was short of that mark in actual experience, and because Ford's allegedly improper layoff deprived him of the opportunity to accrue pension credits, Ford instead pays Hassell $119 per week in workers' compensation benefits. For at least the last ten years, a Ford representative has visited Hassell twice per year to verify his eligibility for these benefits. On each visit, Hassell asks Ford to provide him with pension credits. In July 2018, Hassell, who is Black, learned that near the time of his accident Ford had given full pension credit to a white employee who had a similar injury, but only three years of experience.

On July 26, 2018, Hassell filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) and the Michigan Department of Civil Rights. Of the bases for discrimination listed on the charge form, Hassell checked only the "disability" box; and, in his explanation of the complaint, Hassell stated that he was discriminated against "because of [his] disability." The EEOC closed Hassell's file and issued a right-to-sue notice.

Hassell then filed this suit against Ford.[1] Hassell's operative complaint alleges that Ford terminated him "in contravention of [his] known disability"; that the layoff deprived him of disability benefits that had been afforded to similarly situated white employees; and that Ford's discrimination "is a fixed and continuing practice that has been repeated continuously within the

---

[1] Hassell initially sued pro se, but that first complaint was dismissed without prejudice. This appeal arises from Hassell's second suit against Ford, in which he is represented by counsel.

statute of limitations period." Ford moved to dismiss for failure to state a claim, arguing that Hassell's claims were time barred and any adverse employment actions occurred before the enactment of the Americans with Disabilities Act of 1990 (ADA). Hassell responded to the motion and separately moved to amend his complaint. Admitting that his earlier complaint "primarily" alleged disability discrimination, Hassell sought leave to describe "more accurately" his race-discrimination claim in light of a recently discovered EEOC pre-charge filing in which Hassell complained of racial discrimination.

The district court granted Ford's motion to dismiss and denied Hassell's motion to amend. The court agreed that Hassell's termination occurred well before the enactment of the ADA and rejected his argument that Ford's continued refusal to provide full disability benefits constituted a continuing violation of the ADA. The court then concluded that Hassell's proposed amendment would be futile because his EEOC filings were insufficient to even raise, let alone exhaust, a race-discrimination claim. Hassell appealed both rulings.

## II.

When a district court denies leave to amend due to futility—i.e., because the proposed amended complaint could not withstand a motion to dismiss—we review the denial de novo. *Doe v. Mich. State Univ.*, 989 F.3d 418, 424 (6th Cir. 2021). We thus review de novo both the dismissal of Hassell's disability-discrimination claim and the denial of leave to add a race-discrimination claim. *See id.* at 425. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Americans with Disabilities Act of 1990 prohibits employment discrimination on the basis of disability. *See* 42 U.S.C. § 12112. But it only did so starting in 1992. Pub. L. No. 101-

336, § 108, 104 Stat. 327, 337 (1990); *O'Bryant v. City of Midland*, 9 F.3d 421, 422 (5th Cir. 1993) (per curiam).  Title VII of the Civil Rights Act of 1964 forbids employment discrimination on the basis of race, 42 U.S.C. § 2000e-2, but plaintiffs must timely file a discrimination charge with the EEOC to bring such a claim, *id.* § 2000e-5(f)(1).  For a Michigan claimant who "initially institute[s]" proceedings with a state or local non-discrimination agency, the plaintiff must file his charge within 300 days of the unlawful employment practice.  *See id.* § 2000e-5(e)(1); *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019).  "A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed."  *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).

Hassell's disability and race discrimination claims are time barred.  Between his operative and proposed amended complaints, Hassell alleges two adverse employment actions:  termination and the refusal to award pension credits.  But both of those acts occurred in 1981.  That's too early to be actionable under the ADA; and Hassell's 2018 EEOC charge came too late, much more than 300 days after those decades-old events.[2]

In an attempt to avoid the time bar, Hassell argues that by continuing to pay him less than he is entitled to in benefits, Ford discriminates against him with each paycheck.  There are two problems with this theory.  First, even if each paycheck were indeed discriminatory, those recent acts cannot revive the related but time-barred termination or denial of pension credits.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  It isn't enough that Hassell has

---

[2] Hassell alleges in his proposed amended complaint that Ford refused to award him pension credits after a November 1990 state court decision affirmed his right to certain disability benefits.  Even if that refusal could be considered a distinct adverse employment action, rather than a continued effect of his 1981 layoff, it too occurred over a year before the effective date of the ADA, and Hassell filed his EEOC charge over twenty-five years after the expiration of the Title VII limitations period.

repeatedly asked Ford to rectify its past actions by awarding him pension credit. *See Pittman v. Spectrum Health Sys.*, 612 F. App'x 810, 813–14 (6th Cir. 2015) (collecting cases establishing that a "failure to rectify a prior discriminatory act" does not constitute an act of discrimination).

Second, Hassell does not assert that the retirement system is itself discriminatory. He never alleges, for example, that a white disabled employee with eight and a half years of experience would be entitled to greater benefits. Rather, Hassell's claim is that one similarly situated white employee was *credited* with more years of experience at the time of his injury; it is that credit that gives rise to the benefits differential. Ford's alleged decision not to credit Hassell—a discrete act that occurred decades ago—may continue to affect the size of Hassel's disability check but "the critical question is whether any present *violation* exists." *Evans*, 431 U.S. at 558. Based on Hassell's complaint, the answer is "No." Ford's present operation of a retirement system that is not itself discriminatory cannot breathe new life into a claim based on decades-old events.

Hassell argues for the first time on appeal that he should be given leave to amend his complaint to add a race discrimination claim under 42 U.S.C. § 1981. But he forfeited that claim by failing to raise it below. *United States ex rel. Maur v. Hage-Korban*, 981 F.3d 516, 522 (6th Cir. 2020). And because Hassell's Title VII claim is time barred, we need not determine whether the district court properly held that Hassell had not exhausted that claim.

* * *

Hassell's discrimination claims are untimely, so we AFFIRM.